ANDERSON *v.* ANDERSON

No. 42935 April 13, 1964 162 So. 2d 853

*Cunningham & Cunningham,* Booneville; *Armis E. Hawkins,* Houston, for appellant and cross-appellee.

*Thos. J. Tubb,* West Point, for appellee and cross-appellant.

GILLESPIE, J.

Mrs. Lucille Richardson Anderson filed her bill for divorce against G. H. (Dick) Anderson and prayed for

the allowance of alimony. On motion for alimony pendente lite the court allowed complainant the sum of $175 per month and $250 attorney's fees. The cause came on for final hearing and the court rendered an opinion in which he stated that most of the charges made by complainant against her husband were not established by the evidence. He did find that defendant had made unfounded charges of a very serious nature against complainant's daughter and had inflicted brutal treatment on said daughter, and that he had inflicted physical damage on complainant on one occasion. A decree was entered awarding complainant a decree on the ground of habitual cruel and inhuman treatment. Complainant was allowed $500 additional attorney's fees but was denied alimony. Complainant appealed. Hereinafter complainant will be referred to as Wife and the defendant as Husband.

The parties were married June 21, 1957. Husband had previously been married four times, three of which ended in divorce. Wife's one previous marriage ended in divorce. Husband had one son by a previous marriage who lived elsewhere. Wife had a teenage daughter by her first marriage. This daughter and Husband were antagonistic and much of the trouble between Husband and Wife concerned this daughter. The parties separated February 3, 1962.

The principal contention of the Wife is that the court erred in not awarding alimony. Another assignment of error is based on the contention that the chancellor erred in refusing to reopen the case and allow the wife to introduce testimony concerning her need for alimony. These contentions will be considered together.

The Husband testified on the motion for temporary alimony and it appears therefrom that he is a man of considerable wealth. He stated in that hearing that he was financially able to give his wife a reasonable amount. When the case was heard on the merits the only ad-

ditional evidence concerning alimony was the Wife's testimony. She said the only property she owned was a home in Trenton, Tennessee, from which she received a small rental which was her only income. She testified that she has high blood pressure and was under a physician's care at the time of the trial. In short, the Husband is a man of wealth and the Wife is in ill health, unable to work, with only a small income from the house owned by her in Tennessee.

 █ When the chancellor completed hearing the testimony on final hearing, he stated in his opinion that there was no testimony before the court showing the need of the wife and denied alimony. After the rendition of this opinion, the court entered a decree providing that a final decree would be rendered in vacation. The final day of the trial on which the opinion was rendered was December 8, 1962. Thereafter, on December 12, 1962, before the final decree was entered, the Wife made a motion to reopen the case for the admission of testimony concerning her need for alimony. The court overruled this motion and refused to reopen the case for such purpose and entered a final decree at the March 1963 term. We conclude that the only reason the chancellor denied alimony was the fact that the Wife did not offer testimony concerning the amount needed by her to live. There was testimony that she was unable to work and had only a small income from rental and there is no question but that the Husband was a man of wealth. Under these circumstances, it was the duty of the chancellor to reopen the case if he felt additional testimony was needed concerning the Wife's need for alimony. The power and duty of the chancery court to see that all of the necessary testimony is in so as to properly dispose of a case is discussed in Sec. 595, Griffith's Mississippi Chancery Practice, 2d Ed. We hold that it was error for the chancellor to decline to reopen the case under the circumstances. Skrmetta v. Moore, 201 Miss. 618, 30 So. 2d 53.

■■ ■ We are also of the opinion that the proof shows that the Wife is entitled to alimony in some amount. ■■ ■ The awarding of alimony is not mandatory under the statute when the wife is granted a divorce and is usually a matter for the discretion of the court. ■■ ■ It is to be assumed that the chancellor in this case would have awarded alimony if he had had before him testimony concerning her needs. The decree is reversed on the issue of alimony and the cause remanded. The chancellor may hear such evidence as the parties or he may deem necessary, after which he should enter a decree awarding alimony in a reasonable sum commensurate with the Wife's needs, her accustomed standard of living, the ability of the husband to pay, giving proper consideration to the elements mentioned in Sec. 6.08, Bunkley & Morse's Amis, Divorce and Separation in Mississippi. See Hibner v. Hibner, 217 Miss. 611, 64 So. 2d 756.

The other assignments of error on the direct appeal need not be considered.

The Husband filed a cross-appeal and assigned as error that the court erred in granting a divorce to the Wife because, he contends, the facts were insufficient to justify the decree. We find no merit in this contention and do not consider it necessary or useful to set out the testimony on which the chancellor acted.

■■ ■ The motion of the Wife for allowance of attorney's fees on this appeal is sustained and the sum of $500 is allowed.

Reversed on direct appeal; affirmed on cross-appeal, and remanded.

*Kyle, P. J., and McElroy, Rodgers and Brady, JJ.,* concur.