No. 83-05

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

_____

MAXINE KRONE, individually and as
Guardian Ad Litem for BRYAN KRONE,
a minor, and CRAIG KRONE,

          Plaintiff and Respondent,

-vs-

REX T. McCANN, DOROTHY G. McCANN,
and SUPERIOR HOMES, INC.,

          Defendants and Appellants.

_____

Appeal from:  District Court of the Fourteenth Judicial District,
In and for the County of Musselshell,
The Honorable LeRoy McKinnon, Judge presiding.

Counsel of Record:

    For Appellants:

        Hibbs, Sweeney, Colberg, Jensen & Koessler; William
        N. Jensen, Billings, Montana

    For Respondent:

        Craig R. Buehler, Montana Legal Services, Lewistown,
        Montana

_____

Submitted on Briefs:  April 15, 1983

Decided:  July 21, 1983

Filed:  JUL 21 1983

*Ethel M. Harrison*

_____
Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

Defendants Rex T. McCann, Dorothy G. McCann and Superior Home, Inc., appeal the amount of the attorney fee award they received in Musselshell County District Court after the case was remanded by this Court. See Krone v. McCann, No. 7534 (Musselshell County, October 28, 1982).

The sole issue is whether the District Court erred in awarding defendants $7,500 in attorney fees instead of the $17,759.50 prayed for. We vacate and remand for another hearing in the setting of attorney fees.

On June 2, 1982, the District Court held a hearing on attorney fees. Defense counsel summarized the fee charged, which ranged from $50 per hour to $65 per hour which was multiplied by the number of hours expended, 372.7 hours. Plaintiffs' testimony at the hearing essentially consisted of testimony as to their inability to pay attorney fees.

The trial court issued the following order on costs and attorney fees:

"The Court finds:

"1. That the Plaintiff herein qualified for an attorney from Montana Legal Services; that no authority has been presented authorizing consideration of the ability to pay of a party.

"2. That the Court has no dispute with the amount and character of the services rendered by the attorney.

"3. That the hourly fee charged is probably in accord with the fees charged in the Billings area, but is somewhat in excess of the fees charged in the Roundup area.

"4. That there is no dispute as to the costs involved.

"IT IS, THEREFORE, ORDERED That the Defendant recover costs herein in the amount of $1,457.40, and attorney fees in the amount of $7,500.00."

Setting of an attorney fee must, of course, be based upon competent evidence. Petritz v. Albertsons, Inc. (1980), ____ Mont. ____, 608 P.2d 1089, 1094, 37 St.Rep. 677, 682. First Security Bank of Bozeman v. Tholkes (1976), 169 Mont. 422, 429, 547 P.2d 1328, 1331; Crncevich v. Georgetown Recreation Corp. (1975), 168 Mon. 113, 120, 541 P.2d 56, 59.

In Petritz, this Court in remanding an attorney fee award stated:

> The record does not reveal whether plaintiff disputed the amount or descriptions of the services and expenses. Nor does there appear any rationale by the trial court for the award or any consideration of plaintiff's financial ability to pay. The award appears to be nothing more than an arbitrary figure that the District Court selected.

The only testimony of the plaintiffs during the hearing was that they could not afford the fees requested after they lost the case and were contractually obligated to pay one attorney fees. The trial court stated that we did not consider defendant's inability to pay. The trial court, with no evidentary foundation, concluded that the hourly fee in Billings is higher than that charged in Roundup (the situs of the action). However, no evidence was presented as to what a similar attorney in Roundup would have charged. The attorney fee awarded appears to be nothing more than an arbitrary figure the trial court selected.

This Court has set forth criteria for the award of attorney fees. See, First Nat. Bank in Eureka v. Beckstrom (1982), Mont., 651 P.2d 45, 47, 39 St.Rep. 1778, 1780-81; Crncevich, 168 Mont. at 120, 541 P.2d at 59. Carkeek v. Ayer (1980), Mont., 613 P.2d 1013, 1015, 37 St.Rep. 1274, 1275-1276.

The attorney fee award is vacated and we remand the cause to the District Court for a determination of an

- 2 -

attorney fee based on the criteria we have set forth in case
law.

_____
                    Justice

We Concur:

_____
        Chief Justice

_____

_____

_____
        Justices

- 3 -