No. 83-237

IN THE SUPREME COURT OF THE STATE OF MONTANA

1983

---

ALAN D. NICHOLSON, INC.,
a corporation,

        Plaintiff and Respondent,

  -vs-

ROSS W. CANNON,

        Defendant and Appellant.

---

APPEAL FROM: District Court of the First Judicial District,
In and for the County of Lewis & Clark,
The Honorable Gordon Bennett, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Edmund F. Sheehy, Jr., Helena, Montana

    For Respondent:

        Gary L. Davis of Luxan & Murfitt, Helena, Montana

---

Submitted on Briefs: October 6, 1983

Decided: January 12, 1984

Filed: JAN 12 1984

*Ethel M. Harrison*
—————————————————————
Clerk

Mr. Chief Justice Frank I. Haswell delivered the Opinion of the Court.

Appellant Cannon appeals an order of the District Court awarding Nicholson $18,000 in attorney fees and $1,084.90 in costs. These amounts represent the total fees and costs due Nicholson's attorney for litigating this matter from inception through the District Court judgment. We affirm and remand for the determination of reasonable attorney fees and costs on appeal.

Nicholson and Cannon signed an earnest money agreement for the purchase of a condominium by Cannon on November 30, 1979. A contract for deed was executed by the parties on March 3, 1980. Among other provisions, the contract for deed contained the following terms:

(1) a provision allowing for the down payment to be paid in installments with the final installment in the amount of $500;

(2) a provision requiring the payment of $4,500 plus interest on December 31, 1980; and

(3) a provision setting the monthly payments at $389.82 commencing January 15, 1980.

In addition, Cannon demanded that a "latent defects" provision be added to the contract which provides as follows:

> "14. If within one year from March 1, 1980, latent defects are discovered in the work and materials with respect to the real estate, premises and improvements described herein, Seller will promptly, following written notice from Purchaser, correct such defective work or materials in a good and workmanlike manner, and in accordance with current building, plumbing, and electrical codes. If Seller does not promptly remedy the latent defects, Purchaser may have the defects corrected, removed, redone or replaced, and all direct and indirect costs thereof will be paid by Seller."

Furthermore, paragraph 8 of the contract for deed provides the following regarding attorney fees:

> "In the event legal action is necessary by either of the parties hereto to enforce the rights of said parties hereunder, it is specifically understood and agreed that the losing party shall pay to the prevailing party reasonable attorneys' fees and all costs incurred incident to such legal action."

Essentially, the purpose of the litigation underlying this appeal was to enable Nicholson to collect payments due under the contract for deed which Cannon withheld until such time as Nicholson corrected certain "latent defects." The matter was tried to a jury on the issue of a defective heating system, the court having already granted Nicholson's motion for a directed verdict for the sums prayed for in the complaint. The jury returned a verdict finding no defect in the heating system, and judgment was entered accordingly.

The following issues are raised in this appeal:

1. Did the District Court err in awarding attorney fees and costs to Nicholson?

2. Did the District Court err in determining Nicholson to be the prevailing party?

3. Did the District Court err in reopening the hearing on attorney fees?

4. Should Cannon be ordered to pay Nicholson's fees and costs on appeal?

I

The first issue raised by Cannon is whether the District Court properly awarded attorney fees and costs to Nicholson. We note that paragraph 8 of the contract for deed executed by both parties provides that the losing party pay

3

the prevailing party reasonable attorney fees and all costs. In order to properly determine the amount of reasonable attorney fees, we have held that the District Court must consider various circumstances, including, but not limited to, the following:

> (1) the amount and character of the services rendered;
>
> (2) the labor, time and trouble involved;
>
> (3) the character and importance of the litigation in which the services were rendered;
>
> (4) the amount of money or the value of property to be affected;
>
> (5) the professional skill and experience called for;
>
> (6) the character and standing in their profession of the attorneys; and
>
> (7) the result secured by the services of the attorneys may also be considered.

First Security Bank of Bozeman v. Tholkes (1976), 169 Mont. 422, 429-430, 547 P.2d 1328, 1332, as cited in Talmage v. Gruss (Mont. 1983), 658 P.2d 419, 40 St.Rep. 176. A review of the District Court's opinion and order regarding attorney fees and costs clearly indicates that the District Court properly considered all of the necessary factors and, consequently, we find that there was no abuse of discretion. Furthermore, we have held that ". . . the amount fixed as attorney fees is largely discretionary with the District Court. We will not disturb its judgment in the absence of an abuse of that discretion." Carkeek v. Ayer (Mont. 1980), 613 P.2d 1013, 1015, 37 St.Rep. 1274, 1276. Given the complex circumstances of this litigation we find no abuse of discre-

4

tion in either the award of the fees and costs to Nicholson or in the amounts awarded.

Cannon also argues that the costs of litigation were improperly awarded to Nicholson. We note that the language of the contract provides that "all costs" be awarded the prevailing party. The District Court has already limited the costs awarded Nicholson by eliminating from the award those costs relating to the expert witnesses. Considering the language of the contract, we find no reason to further limit such costs and find the District Court did not abuse its discretion in ordering their payment by Cannon.


II

Counsel for Cannon also asserts that the District Court erred in determining the identity of the "prevailing party" under the terms of paragraph 8 of the contract for deed. A thorough review of the District Court file and the transcript of hearings on the issues of attorney fees and costs clearly shows that appellant's argument totally lacks merit.

Paragraph 14 of the contract for deed, added to the contract at Cannon's request, provides a remedy if the contractor fails to correct latent defects. That remedy allows the buyer to have the defects corrected at the seller's expense. Even though this provision was specifically added to the contract at Cannon's insistence, he failed to utilize this remedy and instead withheld payments due under the contract. Clearly, Cannon's own default created the necessity of this litigation. The result was a directed verdict against Cannon by the court for the sums prayed for in the complaint and a jury verdict against Cannon on the issue of

5

the defective heating system. Both verdicts, we note, are not raised by Cannon as issues on this appeal.

In conclusion, on this issue we affirm the District Court in finding Nicholson to be the prevailing party, specifically in light of the verdicts against Cannon and Cannon's activities which precipitated this litigation. Simply because Nicholson did not obtain forfeiture of the contract does not mean that Cannon was not in default and that Nicholson was not the prevailing party.


III

The next issue to be addressed is whether the District Court erred in reopening the hearing regarding attorney fees. Cannon cites no authority to support his position that the hearing should not have been reopened. He simply states that in his opinion, the "newly discovered evidence" was not, in fact, newly discovered evidence and therefore the hearing should not have been reopened.

Counsel for Nicholson moved to reopen the hearing pursuant to Rule 60(b), M.R.Civ.P., four days after the original hearing was held. The basis for his motion was that time records pertaining to the litigation which had been misfiled and could not be located prior to the first hearing had subsequently been discovered. He proceeded under the "newly discovered evidence" provision of Rule 60(b) which in essence provides that the court may relieve a party or his legal representative from a final judgment, order or proceeding if there is ". . . newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." Rule 60(b) also allows the court to relieve a party or his counsel from a final

6

judgment, order or proceeding for "any other reason justifying relief from the operation of the judgment." Rule 60(b), M.R.Civ.P.

The question of reopening the hearing on attorney fees and costs was argued throughly before the District Court and a review of the transcript fails to indicate the court abused its discretion in reopening the hearing. Therefore, we affirm the decision of the District Court on this issue.

IV

The final issue to be addressed is whether Nicholson should also recover his fees and costs of this appeal.

A review of the contract for deed reveals that the prevailing party is to be awarded reasonable fees and all costs. The provision does not limit the recovery to fees and costs through judgment of the District Court but rather provides for reasonable fees and all costs ". . . incident to such legal action." Therefore, we find it appropriate under the terms of the contract to charge Cannon with Nicholson's reasonable fees and all costs on this appeal and hereby remand to the District Court for determination of such fees and costs.

We affirm the judgment of the District Court but remand for determination of attorney fees on appeal in conformity with this opinion.

_____
Chief Justice

7

We concur:

_John Conway Harrison_

_Daniel J. Shea_

_A. C. Rutherford_

_Frank B. Morrison_
Justices