THAREE NELSON v. CHIN YUNG CHANG

No. 8520DC533

(Filed 17 December 1985)

**1. Malicious Prosecution § 13.2— lack of probable cause—sufficiency of evidence**

In an action for malicious prosecution lack of probable cause could be found from evidence that plaintiff took out three warrants against defendant; defendant was found not guilty of the first two charges and the third charge was voluntarily dismissed by the assistant district attorney; plaintiff brought witnesses to corroborate her assertion that she had been kicked and threatened by defendant, but defendant denied these charges; plaintiff's assertion that the fact that she relied on the advice of the magistrate in swearing out the warrants did not indicate probable cause; and the fact that plaintiff was not a native American and was unfamiliar with our system of jurisprudence did not excuse her lack of probable cause.

**2. Malicious Prosecution § 15— punitive damages—denial of motion to dismiss claim**

The trial court did not err in denying plaintiff's motions to dismiss defendant's claim for punitive damages for malicious prosecution where evidence of the parties' business dealings and evidence that plaintiff had defendant arrested on three occasions because of his business decisions showed a series of transactions conducted in a manner indicating a reckless and wanton disregard of defendant's rights and conducted under oppressive circumstances.

**3. Malicious Prosecution § 15— damages—sufficiency of evidence**

The trial court did not err in denying plaintiff's motion for judgment n.o.v. with respect to damages for malicious prosecution where the evidence tended to show that defendant was out of work for six months after plaintiff took out a warrant for trespass; his salary had been $600 per month; he incurred attorney fees of $300 in the defense of the criminal proceedings instituted by plaintiff; and the jury awarded him $4,500 on this issue, but he consented to a remittitur to the sum of $3,900, an amount consistent with the amount of damages as shown by the evidence.

**4. Trover and Conversion § 2— restaurant equipment—conversion—sufficiency of evidence**

Evidence was sufficient for the jury on defendant's counterclaim for conversion where it tended to show that defendant was the owner of certain

restaurant equipment which he previously purchased from plaintiff and which was brought from his old restaurant to plaintiff's restaurant, and when defendant went to the restaurant, with plaintiff's consent, to remove his equipment, he discovered that many items had been sold and traded by plaintiff, were worn out, were stolen or for other reasons could not be taken at that time and were, therefore, left in the restaurant where they remained at the time of trial.

APPEAL by plaintiff from *Beale, Judge.* Judgment entered 27 December 1984 in District Court, MOORE County. Heard in the Court of Appeals 19 November 1985.

This case results from a series of disputes between the parties concerning their respective interests in a business known as the Red Bamboo restaurant in Southern Pines. On 4 January 1984, plaintiff filed a complaint seeking injunctive relief and damages alleging that defendant assaulted her on 15 December 1983 and interfered with the operation of her restaurant. An *ex parte* temporary restraining order against defendant was entered on the same day which prohibited him from interfering with the restaurant's operation but did not prohibit him from entering upon the restaurant premises. Defendant subsequently answered and counterclaimed against plaintiff alleging (i) wrongful possession of certain property, (ii) malicious prosecution, (iii) abuse of process, (iv) conversion and (v) fraudulent misrepresentations.

The following issues were submitted to the jury:

1. Did the plaintiff Thayree [sic] Nelson institute criminal proceedings against the defendant for any of the below listed crimes with malice and without probable cause?

(a) Communicating Threats: YES

(b) Assault on a Female: YES

(c) Trespass: YES

2. What amount of damages, if any, is the defendant entitled to recover from the plaintiff for the malicious prosecution of the defendant for any one or more of the above enumerated crimes?

ANSWER: $4,500

3. What amount of punitive damages, if any, does the jury in its discretion award to the defendant for malicious prosecution?

ANSWER: $25,000

4. Did the plaintiff convert the property of the defendant?

ANSWER: YES

5. What amount of damages, if any, is the defendant entitled to recover from the plaintiff for conversion of property?

ANSWER: $5,500

6. What property, if any, is the defendant entitled to recover from the plaintiff?

ANSWER: Lights, Silverware, China.

From judgment entered in favor of defendant, plaintiff appealed.

*Pollock, Fullenwider, Cunningham and Patterson, P.A. by Bruce T. Cunningham, Jr. for plaintiff appellant.*

*M. James Clarke II for defendant appellee.*

PARKER, Judge.

[1] In her first assignment of error, plaintiff contends the court erred in denying her motion to dismiss the claim for malicious prosecution. In order to prove a cause of action for malicious prosecution, the claimant must show that the defendant (i) initiated the earlier proceeding, (ii) maliciously, (iii) without probable cause and that (iv) the proceeding terminated in the claimant's favor. *Jones v. Gwynne*, 312 N.C. 393, 323 S.E. 2d 9 (1984). Plaintiff contends defendant failed to present sufficient evidence of malice, lack of probable cause and damages. We disagree.

"Aside from express malice, which plaintiff may or may not be able to show at trial, implied malice may be inferred from want of probable cause in reckless disregard of plaintiff's rights." *Pitts v. Pizza, Inc.*, 296 N.C. 81, 86-87, 249 S.E. 2d 375, 379 (1978). "Hence, the case here must rise or fall on the question of probable cause. . . ." *Id.*

As stated further by the Court in *Pitts, supra*:

> In cases grounded on malicious prosecution, probable cause "has been properly defined as the existence of such facts and circumstances, known to him at the time, as would induce a reasonable man to commence a prosecution." The existence or nonexistence of probable cause is a mixed question of law and fact. If the facts are admitted or established it is a question of law for the court. Conversely, when the facts are in dispute the question of probable cause is one of fact for the jury. (Citations omitted.) *Id.*

The evidence presented at trial, when viewed in the light most favorable to defendant as must be done on a counterclaim, revealed a direct conflict in the testimony. Plaintiff took out three warrants against defendant. Defendant was found not guilty of the first two charges and the third charge was voluntarily dismissed by the assistant district attorney. Plaintiff brought witnesses to corroborate her assertion that she had been kicked and threatened by defendant. Defendant denied these charges. Credibility is always a question for the jury, *Cutts v. Casey*, 278 N.C. 390, 180 S.E. 2d 297 (1971), and "when the facts are in dispute the question of probable cause is one of fact for the jury." *Pitts, supra.* The trial court properly denied all plaintiff's motions to dismiss the claim for malicious prosecution.

We are not persuaded by plaintiff's assertion that the fact that she relied on the advice of the magistrate in swearing out the warrant indicates probable cause. As the Court stated in *Bassinov v. Finkle*, 261 N.C. 109, 134 S.E. 2d 130 (1964), the rule is

> "that advice of counsel, however learned, on a statement of facts, however full, does not of itself and as a matter of law afford protection to one who has instituted an unsuccessful prosecution against another; but such advice is only evidence to be submitted to the jury" on the issues of probable cause and malice. (Citations omitted.)

Similarly, we are not persuaded on this issue by the fact that plaintiff is not a native American. Plaintiff admitted in her complaint that she was a citizen and resident of North Carolina and alleged that the defendant was an "alien with a resident visa." Plaintiff is in no position to argue her lack of knowledge of our

system of jurisprudence, having operated at least two businesses in this state for at least five years, one of which was an incorporated business.

Plaintiff's argument that there was no proof of damages also fails. Defendant presented evidence from which the jury could find that he had suffered lost wages and incurred expenses, including attorney's fees, in connection with defending against the warrants. The assignment of error is overruled.

[2] In her next assignment of error, plaintiff contends the court erred in denying her motions to dismiss the claim for punitive damages with respect to the claim for malicious prosecution. As stated by our Supreme Court in *Jones v. Gwynne, supra*:

In order for a plaintiff to recover punitive damages in a malicious prosecution action, he must "offer evidence tending to prove that the wrongful action of instituting the prosecution 'was done for actual malice in the sense of personal ill-will, or under circumstances of insult, rudeness or oppression, or in a manner which showed the reckless and wanton disregard of plaintiff's right.' " (Citations omitted.)

When the evidence presented is viewed in the light most favorable to defendant, it shows that plaintiff failed to sign a partnership agreement as promised, had the lease and ABC permit issued in her name, attempted to realize a substantial profit by selling her interest in the business to defendant and refused to provide security to guarantee her promise to buy defendant's interest. More specifically, when defendant refused to sign a sublease agreement she had prepared, plaintiff had him arrested. Shortly thereafter, when defendant called off a proposed sellout to plaintiff because of her failure to post security for her agreement, plaintiff had him arrested again. Several days later, after defendant removed some of his equipment from the restaurant, plaintiff had him arrested a third time. Although any one of these actions standing alone might not justify submission of the issue of punitive damages, we hold that this series of transactions was conducted "in a manner which showed the reckless and wanton disregard of [defendant's] rights," *Jones, supra,* and certainly was done under oppressive circumstances. The assignment of error is overruled.

[3]  Next, plaintiff contends the court erred in denying her motion for judgment notwithstanding the verdict with respect to damages for malicious prosecution. We disagree.

Defendant testified that he was out of work for six months after plaintiff took out the warrant for trespass and that his salary had been $600.00 per month while working at the Red Bamboo. He also testified that he incurred attorney fees of around $300.00 in the defense of the three criminal actions. These fees are recoverable. *Stanford v. Grocery Co.*, 143 N.C. 419, 55 S.E. 2d 815 (1906).

The jury awarded defendant $4,500.00 on this issue. Counsel for plaintiff at trial stated that taking the defendant's version of the evidence, defendant's compensatory damages would amount to $3,900.00 for malicious prosecution. Defendant consented to a remittitur to the sum of $3,900.00, a practice which has been approved of by this Court. *Commission v. Holman*, 30 N.C. App. 395, 226 S.E. 2d 848, *cert. denied*, 290 N.C. 778, 229 S.E. 2d 33 (1976). The amount of $3,900.00 was consistent with the evidence of six months of lost salary at $600.00 per month, plus an additional $300.00 in attorney's fees. The assignment of error is overruled.

Next, plaintiff contends the court erred in allowing defendant, over objection and after denial of plaintiff's motion for directed verdict, to reopen his case and attempt to correct the omissions in damages pointed out by counsel for plaintiff. We disagree. "The purpose of the 'specific grounds' requirement of Rule 50(a) is to allow the adverse party to meet any defects with further proof and avoid the entry of a judgment notwithstanding the verdict at the close of the trial, on a ground that could have been met with proof had it been suggested earlier." *Byerly v. Byerly*, 38 N.C. App. 551, 553, 248 S.E. 2d 433, 435 (1978). The assignment of error is overruled.

[4]  Next, plaintiff contends the court erred in denying her motions to dismiss the claim of conversion. Conversion is defined as the (i) unauthorized assumption and exercise of right of ownership (ii) over goods or personal chattels (iii) belonging to another (iv) to the alteration of their condition or the exclusion of the owner's rights. *Spinks v. Taylor*, 303 N.C. 256, 278 S.E. 2d 501 (1981). Defendant testified that he was the owner of certain restaurant equipment which he previously purchased from plaintiff and

which was brought from his old restaurant to the Red Bamboo. He supported this testimony with a handwritten list of the equipment prepared by the plaintiff which she gave to him when he purchased the equipment and cancelled checks showing payment to plaintiff for the equipment. When defendant went to the restaurant, with plaintiff's consent, to remove his equipment, he discovered that many items had been sold and traded by plaintiff, were worn out, were stolen or for other reasons could not be taken that night and were, therefore, left and still remain in the restaurant. We hold this evidence was sufficient to justify the submission of the conversion issue to the jury.

Finally, we reject plaintiff's sixth and final assignment of error that the court erred in denying her motion for judgment notwithstanding the verdict on the issue of conversion for the reasons stated above.

No error.

Judges ARNOLD and WELLS concur.