No. 84-284

IN THE SUPREME COURT OF THE STATE OF MONTANA

1985

MAXINE KRONE, individually and as
Guardian Ad Litem for BRYAN KRONE,
a minor, and CRAIG KRONE,

        Plaintiffs and Appellants,

  -vs-

REX T. McCANN, DOROTHY G. McCANN,
and SUPERIOR HOMES, INC.,

        Defendants and Respondents.

APPEAL FROM: District Court of the Fourteenth Judicial District,
In and for the County of Musselshell,
The Honorable Peter L. Rapkoch, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Craig R. Buehler, Montana Legal Services Assn.,
Lewistown, Montana

    For Respondent:

        Maurice R. Colberg, Jr.; Hibbs, Sweeney, Colberg &
Koessler, Billings, Montana

                  Submitted on Briefs: Oct. 3, 1985

                        Decided: January 7, 1986

Filed: JAN 7 - 1986

_Clerk_

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

The Fourteenth Judicial District Court for Musselshell County determined reasonable attorney fees under a contract for deed. The court held that the homestead of the plaintiffs was subject to execution upon the judgment for attorney fees. Plaintiffs appeal. We affirm the District Court.

The issues on appeal are:

1. Did the District Court abuse its discretion in its determination of reasonable attorney fees to be awarded the defendants?

2. Was the plaintiffs' property on which a homestead was filed subject to execution based upon the judgment for attorney fees and costs?

Plaintiffs purchased approximately 60 acres of land in Musselshell County from defendants under a written contract for deed and later sued the defendants in connection with such contract. Under the first appeal in Krone v. McCann (1982), 197 Mont. 380, 642 P.2d 584, this Court remanded the cause to the District Court for determination of the attorney fees and costs to be awarded to the defendants as the prevailing party. The facts are detailed in that opinion. The District Court subsequently determined the amount of the attorney fees and costs, and the defendants appealed that award to this Court. In a second appeal, this Court concluded that the District Court had been arbitrary in arriving at an award of attorney fees without an adequate evidentiary basis. This Court vacated the award and remanded the cause for an appropriate determination of attorney fees based on the criteria set forth in Krone v. McCann (Mont 1983), 666 P.2d 766, 40 St.Rep. 1207.

2

The homestead declaration issue was submitted to the District Court under an agreed statement of facts. By order dated March 20, 1985, the District Court cancelled the stay upon the levy of execution, which had been made under the judgment for attorney fees and costs. The District Court held that attorney fees are a debt secured by vendor's lien and that the homestead therefore was subject to execution under the provisions of § 70-32-202(1), MCA.

With regard to the issue of attorney fees, the written contract for deed provided as follows:

> If either of the parties shall be required to bring suit to enforce any of the terms hereof, including the terms for cancellation of the contract, in the event of default, the losing parties shall pay to the prevailing parties, a reasonable attorney fee, to be fixed in amount by the Court.

A hearing was held by the District Court. Defendants submitted substantial evidence, including lengthy testimony by two of the attorneys who had represented the defendants. Without detailing the evidence, we note that the exhibit of attorney fees incurred showed the date, nature of services, and amount of time expended by the attorneys for the defendants. This exhibit consisted of 6 single-spaced, type-written pages. The District Court made 3 pages of findings of fact with regard to the costs, disbursements and attorney fees. The District Court awarded costs in the amount of $1,457.40 and attorney fees in the amount of $21,578.50. The court pointed out that after careful consideration of the facts, the arguments of counsel, and the guidelines provided by the decisions of this Court, the District Court was convinced of the reasonableness of the fees.

The plaintiffs appeal from both of these determinations.

3

I

Did the District Court abuse its discretion in its determination of reasonable attorney fees to be awarded the defendants?

The plaintiffs argue that because the purchase price for the 60 acres of property was only $28,000, it is unreasonable to allow an award of attorney fees in excess of $21,000. The plaintiffs also argue for various additional reductions in the fees awarded upon various other theories.

The plaintiffs actually failed to submit any significance evidence to offset the evidence submitted by the defendants in support of their application for attorney fees and costs. The plaintiffs failed to meet the standards set forth in Alan D. Nicholson, Inc. v. Cannon (Mont. 1984), 674 P.2d 506, 41 St.Rep. 86. In Nicholson, we considered attorney fees awarded under a written contract for deed and set forth the various circumstances which are to be considered by a district court in fixing such fees. We will not set them forth in detail here, but do point out that the findings of fact in the present case indicate that the District Court considered these various elements or circumstances. In Nicholson, this Court also emphasized that it has held that:

> ". . . [T]he amount fixed as attorney fees is largely discretionary with the District Court. We will not disturb its judgment in the absence of the abuse of that discretion." Carkeek v. Ayer, (Mont. 1980), 613 P.2d 1013, 1015, 37 St.Rep. 1274, 1276. Given the complex circumstances of this litigation, we find no abuse of discretion in either the award of the fees and costs to Nicholson or in the amounts awarded.

Nicholson, 674 P.2d at 508, 41 St.Rep. 88-89.

4

The foregoing quotation is particularly applicable to the present case. Here we have complex factual claims which have been battled back and forth through two prior appeals to this Court and numerous proceedings at the district court level. The extensive testimony and evidence submitted by the defendants established the character and importance of the litigation, the amount and character of services rendered, the labor, time, trouble involved, the professional skill and experience on the part of the counsel, and the good results for the defendants. Our review of the evidence shows there was substantial evidence to support the findings and conclusions of the District Court. We find no abuse of the discretion in the District Court's determination of attorney fees.

We affirm the District Court's determination of costs and attorney fees.

## II

Was the plaintiffs' property on which a homestead was filed subject to execution based upon the judgment for attorney fees?

In its consideration of the homestead issue, the District Court properly considered and quoted the following in its opinion and order:

> Section 70-32-201, MCA. Homestead exempt from execution generally. The homestead is exempt from execution or forced sale, except as in this chapter provided.

> Section 70-32-202, MCA. Execution allowed under certain judgments. The homestead is subject to execution or forced sale in satisfaction of judgments obtained:
> (1) on debts secured by . . . vendors' liens upon the premises.

The District Court pointed out that the contract for deed contained the following provision:

5

> It is agreed that thirty days is a
> reasonable and sufficient notice to be
> given second parties in case of their
> failure to perform the terms hereof, and
> that the same shall be sufficient to
> cancel all obligations herein on the part
> of the first party and fully re-invested
> it with all right, title and interest
> hereby agreed to be conveyed and second
> parties shall forfeit all payments made
> by them in this contract; and their
> right, title and interest in the
> buildings, fences, or other improvements
> whatsoever . . . and it [first party]
> shall have the right to re-enter and take
> possession of the premises aforesaid
> . . . (Emphasis supplied.)

The District Court concluded that the terms of the contract gave to the defendants a vendor's lien. The court then pointed out that under the attorney fee paragraph, if a party were required to bring suit to enforce any of the terms of the contract, the losing party should pay reasonable attorney fees. The court concluded that the contract was a unit and that the vendor's lien applied to the attorney fees as well as the contract purchase price. The court then concluded that under § 70-32-202(1), MCA, the homestead was subject to execution because it was execution upon a debt secured by a vendor's lien.

Plaintiffs argue that § 71-3-1301, MCA, is controlling and contradicts the holding of the District Court. That section provides in part:

> Lien of seller of real property - waiver.
> (1) One who sells real property has a
> vendor's lien thereon, independent of
> possession, for so much of the price as
> remains unpaid and unsecured otherwise
> than by the personal obligation of the
> buyer.

Plaintiffs' argument is that under this code section, the vendor's lien extends only to the purchase price for the real property itself. That would be an appropriate argument if defendants had sold the property to the plaintiffs without any statement as to the effect of nonpayment and the only

6

instrument in writing was a promise to pay the purchase price. In that circumstance, § 71-3-1301, MCA, does create a vendor's lien which can be enforced under statutory provisions.

In the present case, the contract for deed sets forth the nature and extent of the vendor's lien. As we have previously discussed, that lien does extend to the attorney fees. We therefore conclude that § 71-3-1301, MCA, does not constitute a limitation as argued by the plaintiffs.

We affirm the holding of the District Court that attorney fees and costs are a debt secured by a vendor's lien under the provisions of § 70-32-202(1), MCA, and that as a result, the homestead claimed by the plaintiffs is subject to execution or forced sale in satisfaction of the judgment obtained in the District Court.

We affirm the order and judgment of the District Court.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

7