G. Ann UHLIR, Appellant,

v.

GOLDEN TRIANGLE DEVELOPMENT CORPORATION, Appellee.

No. 2–88–081–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 23, 1988.

Rehearing Denied Feb. 8, 1989.

Royce Coleman, Denton, for appellant.

Richard H. Kelsey, P.C., Denton, for appellee.

Before FENDER, C.J., and BURDOCK and FARRIS, JJ.

## OPINION

FENDER, Chief Justice.

This case involves a construction contract. Appellant, G. Ann Uhlir, hired appellee, Golden Triangle Development Corporation (Golden Triangle), to build a house for her. Uhlir made progress payments to Golden Triangle but withheld the final payment of $6,500.00 as she maintained the house had not been finished. Golden Triangle sued claiming it had fully performed, and performed extras, entitling it to payment. The trial court, after findings of fact by the jury, entered judgment for Golden Triangle in the amount of $24,-395.01. Uhlir raises six points of error on appeal and asks that Golden Triangle take nothing and that she be awarded attorney's fees.

We affirm.

Uhlir's first three points of error are similar and will be discussed together. Uh-

lir alleges that the jury's findings preclude any theory of recovery by Golden Triangle. In point of error number one, Uhlir alleges that the finding of the jury in special issue number three meant that Golden Triangle could not recover on a theory of substantial performance. In points of error numbers two and three, Uhlir alleges that Golden Triangle could not recover under the contract as there were jury findings that Golden Triangle had failed to fully perform and obtain an architect's certificate of completion. Uhlir argues that such conditions were precedent to any final payment.

The following special issues were submitted to the jury:

SPECIAL ISSUE NO. 1:

Do you find from a preponderance of the evidence that GOLDEN TRIANGLE DEVELOPMENT CORPORATION fully and completely performed all of the work on G. ANN. UHLIR's house, which it agreed to do, in Plaintiff's Exhibit 1.

ANSWER: "We do." or "We do not."

ANSWER: WE DO NOT

If you have answered the above and foregoing Special Issue No. 1, "we do not" and only in that event, answer the following Special Issue No. 2.

SPECIAL ISSUE NO. 2:

Do you find from a preponderance of the evidence that GOLDEN TRIANGLE DEVELOPMENT CORPORATION substantially completed its contract with the Defendant, G. ANN UHLIR, such contract being admitted in evidence as Plaintiff's Exhibit 1.

INSTRUCTION:

The term, "substantial completion," as used in this charge, means that the improvements contemplated in the construction agreement must be so completed that the premises is capable of being utilized for its intended purposes as a home even though there may be incompleted aspects of the construction. The term, "substantial completion," contemplates a degree of completeness such that a reasonable person would be willing and able to make their home in the building. The term

does not require that every aspect of the construction contract be fully completed.

ANSWER: "We do." or "We do not."

ANSWER: WE DO

If you have answered Special Issue No. 2 "We do" and only in that event, answer the following Special Issue No. 3.

SPECIAL ISSUE NO. 3:

Do you find from a preponderance of the evidence that GOLDEN TRIANGLE DEVELOPMENT CORPORATION would have completed all of its work on the G. ANN UHLIR house, which it was required to do under the terms of the construction agreement in evidence as Plaintiff's Exhibit 1 if G. ANN UHLIR had paid to GOLDEN TRIANGLE DEVELOPMENT CORPORATION the money, if any, which she owed for the construction.

ANSWER: "We do." or "We do not."

ANSWER: WE DO

. . . .

SPECIAL ISSUE NO. 12:

Do you find from a preponderance of the evidence that a final certificate for payment has been issued by the architect pursuant to the agreement introduced into evidence as Plaintiff's Exhibit No. 1?

ANSWER: "We do" or "We do not".

ANSWER: WE DO NOT

██ The doctrine of substantial performance allows a contractor to recover on the contract the full performance price, less the cost of remedying those defects that can be fixed. *Vance v. My Apartment Steak House, Inc.,* 677 S.W.2d 480, 481 (Tex.1984). Substantial performance means there was no willful departure from the terms of the contract and no omission of essential points of the project. . *Uvalde Rock Asphalt Co. v. Fantham,* 210 S.W.2d 646, 650 (Tex.Civ.App.—Galveston 1948, no writ). A pleading of full performance of the contract will support submission of an issue to the jury on substantial performance. *Shaddock v. Storm King Window*

*Co.,* 696 S.W.2d 271, 273 (Tex.App.—Fort Worth 1985, writ ref'd n.r.e.).

The contract provided in part as follows:

### FINAL PAYMENT

Final payment, constituting the entire unpaid balance of the Contract Sum, shall be paid by the Owner to the Contractor when the Work has been completed, the Contract fully performed, and a final Certificate for Payment has been issued by the Architect.

We find, based on the jury's answers, that Golden Triangle was entitled to recover on the theory of substantial performance. This allows Golden Triangle to recover on the contract amount less the cost of remedying defects that the jury has found. *Vance,* 677 S.W.2d at 481. We find this doctrine to be applicable even though the contract expressly stated that final payment should be contingent on full completion and the issuance of an architect's certificate.

A finding that a contract has been substantially completed is the legal equivalent of full compliance, less any offsets for remediable defects. *Del Monte Corp. v. Martin,* 574 S.W.2d 597, 599 (Tex.Civ.App.—San Antonio 1978, no writ). The effect of the jury's finding on special issues numbers one and two is to allow Uhlir to offset the cost of remedying defects against the balance owed. Likewise, the failure of Golden Triangle to obtain the issuance of an architect's certificate (special issue number twelve) will not preclude recovery on a theory of substantial performance. We find in this case that the issuance of the architect's certificate was merely another method of assuring final completion. The jury's answer in special issue number two replaces the need for full completion (special issue number one) and the issuance of an architect's certificate (special issue number twelve) and allows Golden Triangle to take under the contract, less any defects.

We do not find that the jury's answer in special issue number three conflicts in any way with (or even affects) the answer in special issue number two. We do not read,

as claimed by Uhlir, special issue number three as to find that Golden Triangle acted in bad faith so as to be precluded from recovering under the equitable theory of substantial performance. The answer merely provides that Golden Triangle stood ready to perform if Uhlir had paid it. We believe this goes to the theory of full performance, which the judgment does not rely on. Uhlir's first three points of error are overruled.

In point of error number four, Uhlir complains that the trial court erred in awarding Golden Triangle $2,258.01 in extras as there was insufficient evidence, or no evidence, to support a finding that these charges were agreed to in writing. The contract contained the following clause:

### ARTICLE 2

### THE WORK

The Contractor shall perform all the Work required by the Contract Documents for ...

Construction and completion of the home at said address in conformance with plans and specifications attached. Any changes to said plans and specifications after the effective date of this contract shall be in writing with charges determined prior to making changes.

The following special issues were submitted to the jury:

SPECIAL ISSUE NO.: 4

Find from a preponderance of the evidence the amount of money, if any, owed by G. ANN UHLIR to GOLDEN TRIANGLE DEVELOPMENT CORPORATION for exceeding allowances, if any, extra work, if any, and changes, if any, requested by and beneficial to G. ANN UHLIR in connection with the house at 1901 Highland Park Circle.

INSTRUCTION:

In answering this question, you must include the reasonable value, if any, or any extra work, if any, and changes, if any requested by G. ANN UHLIR and completed by GOLDEN TRIANGLE DEVELOPMENT CORPORATION, even if the extra work or changes were

not specifically included in the written contract and any allowance overruns. Do not, however, include any interest in answering this question. Do not include in your calculations any offset or damages which you may find in this charge to be owing by GOLDEN TRIANGLE DEVELOPMENT CORPORATION to G. ANN UHLIR. This question inquires only about the debt, if any, owed by G. ANN UHLIR to GOLDEN TRIANGLE DEVELOPMENT CORPORATION.

ANSWER: In dollars or "none."

ANSWER: $2,258.01

. . . .

SPECIAL ISSUE NO. 10:

Do you find from a preponderance of the evidence that the change and the charge for the materials and/or labor were agreed upon in writing with charges determined prior to making changes?

ANSWER: In making your answer check (X) "Yes" or "No" as to each of the following categories:

| | | Yes | No |
|---|---|---|---|
| 1. | Wallpaper | (X) | ( ) |
| 2. | Carpet | ( ) | ( ) |
| 3. | Vinyl | ( ) | ( ) |
| 4. | Tile— | | |
| | A. Master Bath | (X) | ( ) |
| | B. Guest Bath | (X) | ( ) |
| 5. | Light fixtures | (X) | ( ) |
| 6. | Appliances | (X) | ( ) |
| 7. | Window Stools | ( ) | (X) |
| 8. | Green Paint—not used | ( ) | (X) |
| 9. | Dimmers & switch to wall plug | ( ) | ( ) |
| 10. | Light in bookcase | ( ) | (X) |
| 11. | Exposed aggregate sidewalk | ( ) | (X) |
| 12. | Crosstie and drainage work | ( ) | ( ) |
| 13. | Closet boxes and shelves | ( ) | (X) |
| 14. | Deck Modification | ( ) | ( ) |

. . . .

SPECIAL ISSUE NO. 11:

Find from a preponderance of the evidence the cost basis for the following labor and material.

Answer in dollars and cents, if any, as to the following:

| | | |
|---|---|---|
| 1. | Wallpaper | $409.72 |
| 2. | Carpet | $ |
| 3. | Vinyl | $ |
| 4. | Tile— | |
| | A. Master Bath | $167.00 |
| | B. Guest Bath | $ 77.00 |
| 5. | Light fixtures | $292.84 |
| 6. | Appliances | $591.62 |
| 7. | Window Stools | $150.00 |
| 8. | Green Paint—not used | $ 25.83 |
| 9. | Dimmers & switch to wall plug | $ 25.00 |
| 10. | Light in bookcase | $ 25.00 |
| 11. | Exposed aggregate sidewalk | $144.00 |
| 12. | Crosstie and drainage work | $ |
| 13. | Closet boxes and shelves | $350.00 |
| 14. | Deck Modification | $ |

Based on these answers the "extras" fall under two categories. The first, which includes the wallpaper, tile, light fixtures, and appliances, contains those items which the jury found were agreed upon in writing. The total of these items is $1,538.18. The second category, which includes all the remaining extras, contains items not agreed to in writing, but otherwise agreed to. The total of these items is $719.83.

■ In examining the entire record we find no evidence that any of the changes or extras were agreed to in writing. However, a no evidence point will only be sustained when it regards a *vital fact*. See *Commonwealth Lloyd's Ins. Co. v. Thomas*, 678 S.W.2d 278, 288 (Tex.App.—Fort Worth 1984, writ ref'd n.r.e.). The question remains whether the fact that there is no evidence the extras were approved in writing is vital to Golden Triangle's recovery.

■ It has been held that when a building owner waives a contract requirement that an agreement for extras be made in writing, an oral agreement to do such work is valid and covered under the contract. *Union Bldg. Corp. v. J & J Bldg. & Maint.*, 578 S.W.2d 519, 520–21 (Tex.Civ. App.—Houston [14th Dist.] 1979, writ ref'd n.r.e.). However, the issue of waiver is one of fact in this case and would require a jury finding. Moreover, waiver is an affirmative defense which must be affirmatively pleaded and cannot, unless pleaded, be raised on appeal for the first time.

*Powell v. Powell,* 604 S.W.2d 491 (Tex.Civ. App.—Dallas 1980, no writ); TEX.R.CIV.P. 94. As there is no evidence the extras were approved in writing, no finding that the writing requirement for the extras has been waived, and no pleading of waiver, we find that Golden Triangle is unable to recover for them under the contract.

■■■ The answer of the jury to special issue number four supports an independent ground of recovery based on quantum meruit. In special issue number four the jury was asked the reasonable value of service requested by Uhlir and performed by Golden Triangle. The right to recover in quantum meruit is based upon a promise implied by law to pay for beneficial services rendered and knowingly accepted. *Black Lake Pipe Line Co. v. Union Const. Co.,* 538 S.W.2d 80, 86 (Tex.1976). We find the answer in issue number four sufficient to support a recovery of $2,258.01 based on quantum meruit. To this extent, the fact that there was no evidence of written approval for the extras is not vital. Uhlir's fourth point of error is overruled.

In point of error number five, Uhlir complains the trial court erred in failing to award her attorney's fees in the amount of $10,000.00. Uhlir claims that judgment was rendered on her counterclaim in the amount of $462.00 and that she should be entitled to attorney's fees because of this.

■■■ It has been held that a party need not have a net recovery in order to receive attorney's fees. *McKinley v. Drozd,* 685 S.W.2d 7, 11 (Tex.1985). Statutory authority also permits the recovery of attorney's fees for services, labor, and materials in addition to oral or written contracts. *See* TEX.CIV.PRAC. & REM.CODE ANN. sec. 38.001 (Vernon 1986). But, in the present case the judgment specifically denied Uhlir recovery on her counterclaim. Further, the $462.00 offset was something Golden Triangle was required to prove under its substantial performance cause of action, rather than a successful recovery proved by Uhlir. *See Vance,* 677 S.W.2d at 482–83. We hold that since relief on the counterclaim was specifically denied, and the $462.00 offset was something Golden Tri-

angle had to prove, no error was committed in denying attorney's fees to Uhlir. Uhlir's fifth point of error is therefore, overruled.

In her sixth point of error, Uhlir alleges the trial court erred in failing to direct a verdict for Uhlir at the close of Golden Triangle's case as Golden Triangle failed to offer any evidence as to the cost of remedying the defects due to its errors or omissions. At trial Golden Triangle rested its case without putting on any evidence of the cost of remedying the defects in the house. Uhlir moved for a directed verdict and it was denied. Uhlir then presented her evidence, which contained nothing on the cost of remedying such defects, and again moved for a directed verdict at the close of her case. This too was denied. Golden Triangle then put on, in rebuttal testimony (over objection), evidence of the cost of repairing the defects.

■■■ It is essential when alleging a cause of action based on substantial performance for the party seeking to recover to prove the cost of remedying the defects or omission in such a way to make the building conform to the contract. *Vance,* 677 S.W.2d at 482–83. If there was no evidence at all of the cost of remedying these defects, a directed verdict would have been proper. *Id.* In the present case, such evidence was introduced in the rebuttal phase. We can find nothing in Uhlir's evidence that this testimony rebuts. However, the trial judge, over objection, let this evidence in, and, therefore, we must decide if this decision was improper.

■■■ We note that a decision by a trial court to permit a party to reopen a case to admit additional evidence is in the sound discretion of the trial court. *See MCI Telecommunications v. Tarrant County,* 723 S.W.2d 350, 353 (Tex.App.— Fort Worth 1987, no writ). The trial judge should liberally exercise that discretion to permit both sides to fully develop their cases. *See Turner v. Lone Star Industries, Inc.,* 733 S.W.2d 242, 245 (Tex.App.— Houston [1st Dist.] 1987, writ ref'd n.r.e.); *see also* TEX.R.CIV.P. 270. We hold that the admission of the evidence relating to

**518**

costs in the rebuttal phase acted as a re-opening of the case. We do not find that such an action by the trial judge abused his discretion. We believe the rule announced in *Vance* requires the granting of a directed verdict only after all of the evidence has been heard. In this case, the new "rebuttal" evidence provided the missing element for Golden Triangle's substantial performance cause. Accordingly, Uhlir's sixth point of error is overruled.

Finally, appellee, by cross point, asked this court to award damages because appellant had appealed for delay and without sufficient cause pursuant to TEX.R.APP.P. 84. We find that there was sufficient cause for appeal and that appellant was not merely trying to delay. Thus, appellee is not entitled to any damages for the appeal.

We affirm the judgment of the trial court.