ON PETITION FOR REHEARING I. INTRODUCTION
The original opinion is withdrawn and this opinion substituted therefor.
In this case, Daryl Wakefield, an inmate at Parchman, filed a complaint against the Department of Corrections after guards lost or stole his personal property with an alleged value of approximately $200.00. A jury trial ensued, during which the circuit judge of Sunflower County granted the State's motion for a directed verdict. Wakefield appealed the judge's decision — which this Court now reverses pursuant to the dictates of fairness.
 A. The Facts
The facts of this case are simple and undisputed. Daryl Wakefield is an inmate at the Mississippi State Prison in Parchman. On March 7, 1988, prison officials placed Wakefield in administrative detention for fighting with another inmate. Being placed on administrative detention meant transferring Wakefield from the general prison population (Housing Unit 22) to a more restrictive environment (Unit 24-A); it also meant the ministerial acts of confiscating his personal belongings which were to be returned to him upon completion of his punishment. This is where the problem in this case arose.
Upon completing his punishment, Wakefield was transferred back to Unit 22 where he awaited the return of his confiscated personal belongings; he received nothing. Wakefield thus madenumerous requests for these belongings, but his requests were to no avail. Prison officials finally informed Wakefield that they had conducted a search for his belongings, which were supposedly locked up in a "property room," but that his belongings were "missing." Officials did not dispute that they were ultimately responsible for the loss; however, they refused to provide compensation or replace the belongings.
Feeling aggrieved, Wakefield filed a complaint against various prison officials and guards (hereinafter "State") in the Sunflower County Circuit Court on September 20, 1988, and requested that his missing belongings be replaced. Wakefield also itemized his belongings and their values in the complaint. The State filed its answer and simply denied that Wakefield is entitled to relief.
A jury trial was held on August 1, 1989. Wakefield represented himself and called various prison personnel to testify. Basically, the witnesses described the procedure at the prison with regard to confiscation of an inmate's belongings. But all the testimony turned out to be irrelevant because, as noted, noone disputes that Wakefield's belongings were lost or stolenafter being confiscated by prison guards. Indeed, at one point in the trial, the State became irritated with Wakefield because he needlessly beat the issue into the ground:
 State: There's not any dispute about this. . . . There's no dispute that [Wakefield's belongings] were taken. There's no dispute that [Wakefield] was given [a receipt] stating the things that were [confiscated]. We can go over this with several witnesses, but it's not disputed.
Record Vol. II, at 12.
Finally, Wakefield "rested," and the State moved for a directed verdict on the sole basis that Wakefield had failed to provide the jury with the list of his "missing" belongings and their value. Wakefield responded that he did provide a list — in hiscomplaint — and that he mistakenly believed the complaint would be considered by the jury. But instead of allowing Wakefield to remedy his mistake and permit him to submit this list into evidence, the circuit judge granted the State's motion. *Page 1268 
Wakefield appealed and presented five issues which are consolidated into one: Whether the trial judge abused hisdiscretion by refusing to permit Wakefield to reopen his case andintroduce critical evidence?
 II. ANALYSIS: Did the Trial Judge Abuse his Discretion? A. Relevant Law
This Court recently published an opinion containing relevant law. See Dunn v. Dunn, 577 So.2d 378, (Miss. 1991) ("[T]he opportunity to reopen should be granted when the opposing party would not be surprised and when a refusal would deprive a litigant of the opportunity to introduce material evidence.") (quoting Reagan Equipment Co. v. Vaughn Gin Co.,425 So.2d 1045, 1047 (Miss. 1983)).
A cursory state-by-state analysis[1] also provided guidance and revealed overwhelming adherence to a similar view most recently espoused by the Connecticut Supreme Court:
 In any ordinary situation, if a trial [judge] feels that, by inadvertence or mistake, there has been a failure to introduce available evidence upon a material issue in the case of such a nature that in its absence . . . a miscarriage of justice [would result, the judge,] may properly permit evidence to be introduced at any time before the case has been decided. Wood v. City of Bridgeport, 216 Conn. 604, 583 A.2d 124, 125 (1990) (quoting Hauser v. Fairfield, 126 Conn. 240, 242, 10 A.2d 689 (1940)). "As a general rule . . . the reopening of a case for the purpose of showing facts vital to the issue involved, is liberally allowed . . . and a failure to do so may be considered an abuse of judicial discretion." Wells-Lamont Corp. v. Watkins, 247 Miss. 379, 387-88, 151 So.2d 600, 604 (1963) (emphasis added), quoted in Nelson v. Home Ins. Co., 353 So.2d 763, 765 (Miss. 1977), and Marshall v. Oliver Elec. Manufacturing Co., 235 So.2d 244, 246 (Miss. 1970); accord Green Tree Acceptance, Inc. v. Standridge, 565 So.2d 38 (Ala. 1990). Such discretion should be liberally exercised for the simple reason that judges are encouraged to "see that all of the necessary [evidence is introduced] so as to properly [and fairly] dispose of a case." Anderson v. Anderson, 249 Miss. 1, 4, 162 So.2d 853, 855 (1964); accord Uhlir v. Golden Triangle Development Corp., 763 S.W.2d 512, 517 (Tex. App. 1988) ("The trial judge should liberally exercise that discretion to permit both sides to fully develop their cases.").
Thus, a judge who must decide whether a party should be permitted to reopen his case and introduce omitted evidence should consider: (1) Whether the cause of the omission is excusable? (e.g., (omission due to inadvertence, mistake, etc.?)) (2) Whether the evidence is relevant *Page 1269 
to a material issue? (3) Whether the absence of the evidence will result in a miscarriage of justice? and (4) Whether another party will be significantly or unduly prejudiced if the case were reopened?
 B. Law Applied to the Facts 1.
In addition to the foregoing, consideration of the Missouri Supreme Court's analysis in a factually-similar case provides some enlightenment in this Court's determination of whether the judge failed to exercise sound discretion:
 [P]laintiff urges that the [trial judge] abused [his] discretion in refusing permission to introduce a letter . . . written by the defendant to the plaintiff . . . in which it is claimed defendant admits that it owed a balance to the plaintiff. It would appear on the face of the letter, as offered, that the letter does, at least conditionally, tend to admit that there is some balance yet unpaid to the plaintiff on his subcontract. It is true that the plaintiff had closed his case and that a motion for a directed verdict had been made by the defendant. However, the motion had not been ruled upon and it is not shown that the defendant would have been subjected to undue disadvantage by the reopening of the case for the purpose of admission of the letter. Since the letter appears to be material for the purpose of showing the quantity and value of the work done, we think that under the circumstances the [judge] abused [his] discretion in refusing to reopen the case for the purpose of receiving the letter so offered.
 [This decision is consistent with our holding in a previous case:] "If th[e] evidence was material, then the trial [judge] clearly erred in not permitting that fact to be shown. The mere fact that counsel through inadvertence or oversight omits to introduce certain material evidence should be no legal bar to his right to do so when his attention is called to the fact, [unless] the case has proceeded to such a point, or the conditions have so changed, that an undue advantage would thereby be acquired by him over his adversary." Ray M. Dilschneider, Inc., 283 S.W.2d at 635-36.
 2.
In the case sub judice, Wakefield mistakenly failed to introduce an itemized list of his missing belongings and their value before resting. The State took advantage of this failure and moved for a directed verdict. Wakefield then responded that he thought the list which he had provided in his complaint would be considered by the jury. Wakefield's mistaken belief, however, did not "move" the judge, who rendered the following opinion from the bench:
 [T]his Court would rule, if it were necessary, that [Wakefield] has made out a case against at least the administrative official in his official capacity as an agent/employee/servant and so forth of the Mississippi Department of Corrections. However, it's not necessary to rule that.
 There has been no [list] introduced here [with] which the jury could reach a verdict with anything other than speculation, guess work, and conjecture in that no measure of damages has been given to the jury, and the motion will be granted for that reason.
 . . . . .
 Mr. Wakefield, it is the law that in a suit where money damages are sought, which is what you seek here today, that some measure of damage — it doesn't have to be exact — but some measure of what you have been damaged, for example, the value of your property, must be given to the jury in order to give them some basis or some yard stick by which to measure the damage, and you didn't do that.
Vol. II, at 21.
The judge's ruling is disturbing — particularly in view of the various concessions he had made during the course of the trial: (1) that Wakefield acting pro se had "made a case against . . .the Department of Corrections"; (2) that "I think somereasonable payment ought to be made or some reasonable paymentmade to [Wakefield] for his [missing] property"; and (3) that *Page 1270 
"I don't take any delight in dismissing your case." Id. at 20-23 (emphasis added). The State also conceded: "Your Honor, let me say for the record, I plan to make a suggestion to the superintendent that Internal Affairs investigate [the loss] andgive [Wakefield] some sort of equitable [settlement]." Id. at 23 (emphasis added).
 3.
Applying the law to the facts, this Court concludes that Wakefield should have been permitted to introduce his list: (1) because it constituted evidence which was critical or relevant to the material issue; (2) because the absence of the evidence resulted in a miscarriage of justice (the judge conceded this when he noted that Wakefield had "made a case against the Department of Corrections" and that he should be compensated for his loss); (3) because no one would have been prejudiced if Wakefield were permitted to reopen his case (the State does not claim that it would have been prejudiced, and both the State and Judge Evans conceded that Wakefield deserves compensation notwithstanding that he lost his case); and finally (4) because permitting the evidence would not have provided Wakefield with an "undue advantage" over his "adversary" (indeed, the State had knowledge of this list since it was included in the complaint).
In sum, the trial judge did not exercise sound discretion when he refused without explanation to permit Wakefield to fully develop his case. The case is reversed and remanded so that Wakefield may submit evidence of his lost property and its value to a jury.
 C. Afterword
No one disputes Wakefield's claim; yet, rather than replace or compensate for the loss of Wakefield's meager belongings, no action was taken to preserve Wakefield's property. Restated, this factually-undisputed lawsuit involving a relatively-insignificant amount of damages, although of great significance to Wakefield, has resulted in an inefficient use of judicial time, resources and needless expenditure of taxpayers' money. In the handling of inmate property, the Department is hereby advised to take whatever action is necessary to correct this lingering problem.
 III. CONCLUSION
For the foregoing reasons, the case is reversed and remanded for the Court to resolve which of the defendants are liable for the admitted mishandling of this prisoner's property and the amount of actual damages which Wakefield should receive for his missing belongings. Actual damages should not, of course, exceed the amount shown in Wakefield's complaint.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ., concur.
[1] See Green Tree Acceptance, Inc. v. Standridge,565 So.2d 38 (Ala. 1990); Uhlir v. Golden Triangle Development Corp.,763 S.W.2d 512, 517 (Tex. App. 1988); P.N. Cedar, Inc. v. D GShake Co., 716 P.2d 1333, 110 Idaho 561 (Idaho App. 1986); T.H.Properties v. Sunshine Auto Rental, Inc., 728 P.2d 663,151 Ariz. 444 (Ariz. App. 1986); New England Hotel Realty, Inc. v.Finley, 508 A.2d 121 (Me. 1986); Prescott v. Veri,507 A.2d 453 (R.I. 1986); Nelson v. Chin Yung Chang, 337 S.E.2d 650,78 N.C. App. 471 (1985); Hollembaek v. Dominick's Finer Foods,Inc., 484 N.E.2d 1237, 137 Ill. App.3d 773, 92 Ill.Dec. 382 (1985); Worth v. Georgia Farm Bureau Mut. Ins. Co.,330 S.E.2d 1, 174 Ga. App. 194 (1985); Lites v. Taylor, 326 S.E.2d 173,284 S.C. 316 (S.C. App. 1985); Alan D. Nicholson, Inc. v.Cannon, 674 P.2d 506, 207 Mont. 476 (1984); Leno v. Ehli,339 N.W.2d 92 (N.D. 1983); Pyle v. Pyle, 463 N.E.2d 98, 11 Ohio App.3d 31, 11 O.B.R. 63 (1983); Andolino v. State,662 P.2d 631, 99 Nev. 346 (1983); Bama, Inc. v. Anne Arundel County,451 A.2d 1261, 53 Md. App. 14 (1982); Application of Angus,655 P.2d 208, 60 Or. App. 546 (1982); Midwest Lime Co. v.Independence County Chancery Court, 551 S.W.2d 537, 261 Ark. 695
(1977); Marshall v. Mahon, 530 P.2d 1007 (Colo. App. 1974);Black v. Gardner, 320 N.W.2d 153 (S.D. 1982); Cansler v.Harrington, 643 P.2d 110, 231 Kan. 66 (1982); Jimco Supply Co.,Inc. v. Neal, 277 S.E.2d 626, 166 W. Va. 794 (1981); Sanchez v.Bay Gen'l Hosp., 172 Cal.Rptr. 342, 116 Cal.App.3d 776 (1981);Moss v. Greyhound Lines, Inc., 607 S.W.2d 192 (Mo. App. 1980);Michael v. Harrison County Rural Elec. Co-op, 292 N.W.2d 417
(Iowa 1980); Rawls v. Damare, 377 So.2d 1376 (La. App. 1979);Walton v. Jones, 286 N.W.2d 710 (Minn. 1979); Fabbrini FamilyFoods, Inc. v. United Canning Corp., 280 N.W.2d 877, 90 Mich. App. 80
(1979); Miller v. Hickman, 359 P.2d 172 (Okla. 1961);Smith v. Ray M. Dilschneider, Inc., 283 S.W.2d 631 (Mo. 1955);Krupsaw v. W.T. Cowan, Inc., 61 A.2d 624 (D.C.Mun.App. 1948).