557 So.2d 530 (1990)
David SPANN
v.
STATE of Mississippi.
No. 07-IA-59610.
Supreme Court of Mississippi.
February 14, 1990.
Wayne Hynum and J.B. Van Slyke, Jr., Hattiesburg, for appellant.
Mike C. Moore, Atty. Gen. and Charles W. Maris, Jr., Sp. Asst. Atty. Gen., Jackson, for appellee.
Before HAWKINS, P.J., and ROBERTSON and PITTMAN, JJ.
PITTMAN, Justice for the Court:
David Spann was indicted by the Grand Jury of Forrest County, Mississippi, in June of 1987 for rape. While Spann was *531 testifying, the trial judge declared a mistrial sua sponte. The State then sought to re-try Spann on the same charge. Spann moved to dismiss the charge, alleging that the prosecution would violate the double jeopardy provisions of the Mississippi and United States Constitutions. The circuit court denied the motion but allowed certification of the interlocutory appeal. Spann appeals to this Court, asserting once again on double jeopardy grounds that any further prosecution on this particular charge is barred. We affirm the judgment of the circuit court.

I.
David Spann's trial was held on January 29, 1988. Before the trial, Spann moved to have the testimony of his wife, Sherry Spann, excluded pursuant to Miss. Code Ann. § 13-1-5 (Supp. 1989). After argument the State conceded the motion, and Mrs. Spann was eliminated as a potential witness.
One of the State's witnesses was Inell Dawson, the mother-in-law of David Spann. During cross-examination of Mrs. Dawson, she was admonished first to stop answering defense counsel's questions with questions. Later, the trial judge removed the jury from the courtroom and further admonished Mrs. Dawson to the point of threatening her with contempt.
The State's next witness was the alleged victim. During cross-examination the trial judge removed the jury from the courtroom and spoke to the lawyers in chambers. The reason for this recess may have been the conduct of the witness, but this is not clear from the record. This witness was not admonished or warned during the duration of her testimony, although the trial court did explain that she should first answer questions and then would be allowed to explain her answers. After the State rested, the trial judge denied David Spann's motion for a directed verdict.
David Spann then testified in his own behalf. During direct examination, Sherry Spann, the wife of the Appellant, began to shout at Spann from the gallery. The trial court on its own motion declared a mistrial because it felt that there was no way for the jury to continue without being prejudiced. It cited as reasons for the mistrial the outburst by Mrs. Spann and "the other lack of decorum of witnesses", and it identified Mrs. Spann's behavior as "this last thing that has finally triggered a mistrial". Subsequent voir dire of jury members showed that Mrs. Spann, while a spectator, had been making derogatory comments about her husband's truthfulness during his testimony but before her outburst, and several jury members had heard these comments.
Some time later the State took steps to initiate a re-trial of Spann on the same charge. In response Spann filed a Motion for Dismissal on Grounds of Double Jeopardy. Apparently the trial court issued an order denying this motion, although it does not appear in the record. Spann later filed a Motion to Amend Order Overruling Motion to Dismiss, asking that the trial court certify that an appeal from its interlocutory order denying dismissal would be beneficial. Certification was judiciously granted by the trial court, and the appeal was granted by this Court.

II.
David Spann's two assignments of error make essentially the same argument, that a re-trial on the same charge tried earlier would place him in jeopardy twice for the same offense and is barred. Both the Fifth Amendment to the United States Constitution and Article III, § 22 of the Mississippi Constitution state that no person shall be placed in jeopardy twice for the same offense. Jeopardy attaches in any criminal proceeding at the moment the trial jury is selected and sworn to try the case. Crist v. Bretz, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978); Jones v. State, 398 So.2d 1312 (Miss. 1981). A literal reading of these double jeopardy clauses would seem to prohibit a re-trial after the declaration of a mistrial after jeopardy had attached. The Supreme Court disavowed such an interpretation in United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824). Perez was tried for a capital crime, *532 but his trial ended in a hung jury and mistrial. The Court stated:
We are of opinion, that the facts constitute no legal bar to a future trial. The prisoner has not been convicted or acquitted, and may again be put upon his defence. We think, that in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, whenever, in their opinion, taking all the circumstances into consideration, there is a manifest necessity for the act, or the ends of public justice would otherwise be defeated. They are to exercise a sound discretion on the subject; and it is impossible to define all the circumstances which would render it proper to interfere.
Perez, 22 U.S. at 580, 6 L.Ed. at 165 (emphasis added).
Through the years since Perez this "manifest necessity" rule has remained the standard. If the trial judge's declaration of a mistrial was a manifest necessity, and there was no abuse of discretion, then a criminal defendant could be tried again on the same charge. If there was not a manifest necessity for the mistrial, then a re-trial was barred. Whether this standard has been met depends on the facts and circumstances of each case. Watts v. State, 492 So.2d 1281, 1284 (Miss. 1986). This Court has recognized several examples where a declaration of a mistrial would likely be a manifest necessity: failure of a jury to agree on a verdict; a biased or otherwise tainted jury; improper separation of the jury; where jurors were failed to follow instructions. Watts, 492 So.2d at 1284. The fact that there is no explicit finding on the part of the trial court of manifest necessity is not reversible error if the record supports such a finding. Arizona v. Washington, 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). Even if the trial court declares a mistrial sua sponte, "the involvement of the state is relevant in determining whether a second trial is barred". Watts, 492 So.2d at 1284. The fact that the defendant does not object to the trial court's ordering a mistrial is no bar to raising the double jeopardy issue on appeal. Jones v. State, 398 So.2d 1312, 1318 (Miss. 1981).
David Spann relies heavily on Jones v. State. In Jones, the prosecution presented testimony from several law enforcement officers that Jones had been given his Miranda warnings. When the prosecution then played Jones's taped confession, the first thing the jury heard was a request by Jones for an attorney. There were actually two tapes of Jones's statements. The trial court granted a mistrial. Jones, 398 So.2d at 1313-1314. This Court found that the trial court had abused its discretion by granting the mistrial, and Jones could not be re-tried on the same charge.
Spann alleges that his case is similar to Jones, as he contends that the mistrial was the fault of prosecution witnesses, and their behavior may be imputed to the State. It is clear from the record that the behavior of Inell Dawson and the prosecutrix was a factor in the declaration of mistrial. However, the State did not elicit or provoke the questionable behavior. The problems occurred on cross-examination. There was no evidence of bad faith on the part of the State, and the trial continued despite these problems. It was Sherry Spann's outburst which "finally triggered a mistrial", according to the trial judge, and the subsequent discovery that Mrs. Spann's previous comments about her husband's credibility were overheard by jury members only substantiates what the trial judge did. Also, Sherry Spann was not a witness at trial because David Spann successfully moved to have testimony excluded, and Spann's argument that his wife's behavior may be somehow imputed to the State is meritless.
Similar to the situation in the case at bar is Mitchell v. State, 539 So.2d 1366 (Miss. 1989), where the first prosecution witness became confused while testifying and began talking about events unrelated to the crime at issue. After unsuccessful attempts to focus the witness's attention on the matter being tried, the defendant moved for and was granted a mistrial. Mitchell, 539 So.2d at 1368. The State re-tried Mitchell and convicted him of the charge. On appeal Mitchell alleged that *533 the State had deliberately caused the mistrial because of the failure of this key witness to testify as expected, and that a re-trial should have been barred by this misconduct. This Court rejected this argument, saying that "the state certainly did not elicit such testimony, and tried several times to channel the witness's thinking toward [the victim] only; however, the attempts failed, and the trial court did the only sensible thing under the circumstances by granting a mistrial. The error was not deliberate on the state's part, and the court did not grant the mistrial for an improper purpose." Mitchell, 539 So.2d at 1369. The trial court's action in declaring a mistrial in this case was the only sensible thing to do under the circumstances, and its denial of David Spann's Motion for Dismissal on Grounds of Double Jeopardy was correct. The judgment of the circuit court is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, ANDERSON and BLASS, JJ., concur.