# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-KA-00041-SCT

*CASSANDRA YOUNGER*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 04/07/2004 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | CYNTHIA A. STEWART |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: W. DANIEL HINCHCLIFF |
| DISTRICT ATTORNEY: | ELEANOR FAYE PETERSON |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 06/22/2006 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE SMITH, C.J., WALLER, P.J., AND DICKINSON, J.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     Cassandra Younger was convicted of murder by a Hinds County Circuit Court jury and sentenced to life in prison. Younger asserts on appeal that she should have been given a new trial because of evidence showing the jury might have been exposed to outside influence. We affirm.

## FACTS

¶2.     Younger was convicted of shooting and killing Tasha Colbert. The State produced evidence and eyewitness testimony pointing to Younger as the killer. Younger's defense was

her belief that Colbert had a gun on her person and meant to do Younger harm. A jury found Younger guilty of murder, and the circuit court immediately sentenced her to a term of life imprisonment for the crime. Younger now appeals the denial of her post-trial motions and also finds fault with the circuit court's failure to declare a mistrial *sua sponte*.

## ISSUES

**1. Whether Younger's Right to a Fair Trial Was Compromised.**

¶3. Younger argues that the possibility that jurors had and used cell phones destroyed the integrity of her trial and warrants a new trial in light of the merest chance that jurors engaged in prohibited communications. Younger suggests that the circuit court erred by failing to properly instruct the jury concerning the use of cellular phones and by failing to investigate juror misconduct and exposure to improper influences.

*A. Whether the Circuit Court Properly Admonished and Instructed the Jury.*

¶4. Younger suggests the circuit court erred by failing to instruct the jury not to use or possess cell phones while they were acting as jurors in Younger's case. The judge's preliminary instructions prohibited any communication with anyone concerning the case during the trial's duration by stating "... you are prohibited from having any contact or conversation with the attorneys, parties, witnesses, spectators or anyone else concerning this case." Younger did not object to the judge's admonitions to the jury at the time he gave them and has failed to point to any case law finding preliminary instructions that do not contain specific prohibitions concerning cell phones to be inadequate. The failure to offer a contemporaneous objection to an instruction waives the issue on appeal. *See Smith v. State*, 729 So. 2d 1191, 1210 (Miss. 1998).

2

*B. Whether the Circuit Court Improperly Failed to Investigate Potential Juror Misconduct.*

¶5.     Younger's counsel, Cynthia Stewart, claims she witnessed the jury's foreman in possession of a cellular phone during the jury's return to the courtroom to announce their verdict and after the verdict was read immediately informed the judge of the juror's possession of a cell phone.    Neither of these assertions are supported by the record.    It is the responsibility of Younger to present to us "a record sufficient to show the occurrence of the error" she asserts in order to show that the issue was properly presented to the circuit court and timely preserved for appeal. ***King v. State***,   857 So. 2d 702, 714 (Miss. 2003) (quoting ***Acker v. State***, 797 So. 2d 966, 972 (Miss. 2001)); *See also* ***Pulphus v. State***, 782 So. 2d 1220, 1224 (Miss. 2001) ("Issues cannot be decided based on assertions from the briefs alone. The issues must be supported and proved by the record.")

**2. Whether the Circuit Court Erred by Denying Younger's Post-trial Motions.**

¶6.     Younger also argues the circuit court erred when it refused to grant her post-trial motions for a new trial and judgment notwithstanding the verdict based on the possible misconduct of jurors.    The standard of review for a post-trial motion is abuse of discretion. ***Horton v. State***,   919 So. 2d 44, 49 (Miss. 2005) (quoting ***Howell v. State***, 860 So. 2d 704, 764 (Miss. 2003)).    During a hearing on her post-trial motions for a new trial and judgment notwithstanding the verdict, Younger called upon a private detective to testify as to the possible possession of cell phones by jurors during Younger's trial.    The circuit judge refused to allow the private detective to testify and denied Younger's motions.    The circuit judge's reasons for refusing to allow the detective to testify are of no consequence because Younger attempted to bring an issue on a post-trial motion that she failed to raise at the trial court level.    Such

3

attempts are barred. *See **Barnett v. State***, 725 So. 2d 797, 801-02 (Miss. 1998) (In a murder case, we stated that waiting to raise issues in a post-trial motion that should have been raised at trial bars consideration of those issues.) While Younger argues she did indeed bring the possible juror misconduct to the circuit judge's attention, it was Younger's responsibility to preserve the record for appeal. *See **Pulphus***, 782 So. 2d at 1224. Because the record does not reflect Younger's attempts to raise the issue of juror misconduct at the circuit court level, we do not find that the circuit judge abused his discretion by denying Younger's post-trial motions that were based on her allegations concerning the jury. *Id*.

**3. Whether the Circuit Court Erred in Failing to Declare a Mistrial.**

¶7. Younger contends the circuit court judge should have declared a mistrial as soon as she raised concerns at the close of the trial. We have stated that mistrials should only be declared *sua sponte* under our "manifest necessity" rule. *See **Spann v. State***, 557 So. 2d 530, 532 (Miss. 1990). The record does not support Younger's argument that the cell phone issue was raised during trial, and Younger's failure to preserve the record bars her claim from consideration. *See **King***, 857 So. 2d at 714.

**CONCLUSION**

¶8. Because Younger has failed to bring to the attention of this Court any reversible errors, we affirm the trial court's judgment.

¶9. **CONVICTION OF MURDER AND SENTENCE OF LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED.**

       **SMITH, C.J., DIAZ, EASLEY, CARLSON, GRAVES, DICKINSON AND RANDOLPH, JJ., CONCUR. COBB, P.J., NOT PARTICIPATING.**

4
