# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2006-KM-02117-SCT

*MARSHALL JERRY LYLE*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/25/2007 |
| TRIAL JUDGE: | HON. V. R. COTTEN |
| COURT FROM WHICH APPEALED: | LEAKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | JOHN R. McNEAL, JR. |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY:  JOHN R. HENRY |
| COUNTY ATTORNEY: | CARMEN BROWN SANDERS |
| NATURE OF THE CASE: | CRIMINAL - MISDEMEANOR |
| DISPOSITION: | CONVICTION OF DUI, SECOND OFFENSE, AFFIRMED  -  05/22/2008 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE DIAZ, P.J., DICKINSON AND RANDOLPH, JJ.

## DICKINSON, JUSTICE, FOR THE COURT:

¶1.    In this DUI second-offense conviction, the question is whether the trial court committed reversible error by allowing the state to reopen its case-in-chief to offer proof of the first DUI conviction.  Finding no reversible error, we affirm.

## STATEMENT OF FACTS AND PROCEEDINGS

¶2.    Around 8:00 p.m. on May 28, 2005, Marshall Jerry Lyle was stopped by Constable Randy Atkinson on Highway 487 in Leake County under suspicion of reckless driving and driving under the influence.  Atkinson stopped Lyle because Lyle was driving in the wrong lane and weaving across lanes in the highway.  After stopping Lyle, Atkinson noticed a

strong odor of alcohol on Lyle's breath. Lyle appeared intoxicated and numerous empty beer cans littered his truck bed. Because Atkinson was not certified to administer intoxilyzer tests, he radioed Deputy Jim Moore for assistance.

¶3. Moore arrived on the scene and also noticed a strong smell of alcohol on Lyle's breath. Lyle had red, glassy, bloodshot eyes, he spoke with a thick tongue, and his coordination was impaired. Moore administered a portable intoxilyzer test to Lyle which indicated he was intoxicated. Lyle was transported to the local jail where he refused to take a second intoxilyzer test. While at the jail, Lyle behaved in a belligerent manner, referred to himself as "Fred," and called Moore a "big dummy."

¶4. Lyle was charged with second-offense DUI, and his case proceeded to trial in the Circuit Court of Leake County. After the state rested, Lyle moved for a directed verdict because the prosecution failed to put on any proof that he had been previously convicted of DUI. The trial judge stated that his understanding of the law required proof of the first DUI conviction in a bifurcated proceeding subsequent to the end of both parties' cases. After reconsidering this ruling, the judge allowed the state to reopen its case-in-chief for the purpose of proving Lyle's previous DUI conviction.

¶5. The state attempted to prove Lyle's previous conviction by submitting an uncertified abstract of the prior conviction. Lyle objected to the introduction of this evidence as hearsay. The objection was sustained, but the judge granted the state a continuance to obtain a certified copy of the prior conviction.

¶6. Upon consideration of the evidence, the trial court found Lyle guilty of DUI, second offense. On appeal, Lyle raises the following issues: (1) The court erred in refusing to grant

2

Lyle's motion for a directed verdict; (2) the court abused its discretion by reopening the record after the state had rested its case; (3) the court abused its discretion by recessing and allowing the prosecution to obtain a certified copy of Lyle's prior conviction; and (4) the state failed to prove Lyle guilty of DUI, second offense.

## ANALYSIS

¶7.     In this case, the trial judge initially instructed the parties that proof of previous DUI convictions should be submitted after the close of the evidence. However, prior convictions are elements of a felony DUI charge. *Rigby v. State*, 826 So. 2d 694, 699 (Miss. 2002). The same reasoning applies to charges of second-offense DUI. The prior conviction is a necessary element of second-offense DUI. Therefore, bifurcation in cases alleging DUI, second offense is improper.

¶8.     Although the trial judge initially held that Lyle's prior conviction should be introduced after the parties' case-in-chief, he corrected his earlier ruling and allowed the state to reopen its case immediately after resting to provide evidence of Lyle's previous conviction. In the past, this Court has stated that the decision to allow a party to reopen its case is in the sound discretion of the trial court. *Ford v. State*, 218 So. 2d 731, 732 (Miss. 1969); *Rogers v. State*, 222 Miss. 690, 695 (1955). Our case law has never addressed the double-jeopardy issues involved in allowing the state to reopen its case after the defendant moves for a directed verdict; this case presents an opportunity for this Court to address and clarify the issues.

¶9.     First, while Lyle fails to cite any law on the issue of double jeopardy, his fundamental constitutional right to be free from being prosecuted twice for the same offense allows this

3

Court to address the issue as plain error. *White v. State*, 702 So. 2d 107, 109 (Miss. 1997). Jeopardy attaches in criminal proceedings when a jury is selected and sworn. *Spann v. State*, 557 So. 2d 530, 531 (Miss. 1990). The prosecution is not allowed a second opportunity to supply evidence that it failed to provide during an original proceeding. *Swisher v. Brady*, 438 U.S.204; 98 S. Ct. 2699; 57 L. Ed. 2d 705 (1978).

¶10. Prior decisions of this Court state that the decision to allow a party to reopen its case is "in the sound discretion of the court," without further analysis. *See Nash v. State*, 278 So. 2d 779, 780 (Miss. 1973); *Ford v. State*, 218 So. 2d 731, 732-33 (Miss. 1969); *Perkins v. State*, 90 So. 2d 650, 652 (1956); *Richardson v. State*, 121 So. 284, 286 (1929). This Court also has held that it is not error to allow the state to reopen its case after failing to prove an essential element. *Summerville v. State*, 41 So. 2d 377 (1949). *But see Reddick v. State*, 16 So. 490 (1895) (finding error when state waited until rebuttal to call its primary witness). These cases offer little analysis, and do not address the issue of double jeopardy.

¶11. One case suggests that the trial court did not err in allowing additional evidence by the state because the omission was excusable. In *Wakefield v. Puckett*, the Court stated that, in determining whether to accept additional evidence, the judge should consider "(1) [w]hether the cause of the omission is excusable (e.g. omission due to inadvertence, mistake, etc.), (2) whether the evidence is relevant to a material issue, (3) whether the absence of the evidence will result in a miscarriage of justice, and (4) whether another party will be significantly or unduly prejudiced if the case were reopened." *Wakefield v. Puckett*, 584 So. 2d 1266, 1268-69 (Miss. 1991). Although *Wakefield* is a civil case, it was cited with approval in *Smith v. State*, 646 So. 2d 538 (Miss. 1994). In *Smith*, the state was allowed to

4

reopen its case to prove venue after the defendant motioned for a directed verdict. *Id* at 542.

This Court found no error and analyzed numerous cases on the issue. *Id* at 542-45.

¶12. Today, this Court reaffirms its holding in *Wakefield*, although it takes this opportunity to simplify what trial courts must consider when deciding whether to allow a party to reopen its case. Other jurisdictions have adopted a similar, easy-to-apply standard. In *State v. Allen*, the Supreme Court of Connecticut offers an excellent analysis of the issue. *State v. Allen*, 533 A.2d 559 (Conn. 1987). In that case, Allen motioned for a directed verdict because the state failed to prove an essential element of the crime. *Id* at 560-62. The trial court denied the motion and allowed the state to reopen its case to prove this essential element. *Id* at 562. The Connecticut Supreme Court reversed, noting:

> Having specifically brought this evidentiary gap to the attention of the state, the defendant was effectively victimized by his own diligence as the state used the reopening to supply the missing element of the crime, thus assuring the defendant's conviction.
> . . .
> If we hold that it is not an abuse of discretion to allow the state to supply evidence of a missing element of a crime identified by the defendant in his motion for judgment of acquittal after the state has rested, would any competent defense attorney ever make such a motion again?

*Id.* at 563. The court went on to say that "the trial court must be vested with discretion to permit reopening when mere inadvertence or some other compelling circumstance . . . justifies a reopening and no substantial prejudice will occur." *Id.* at 564.

¶13. We find this reasoning compelling. Trial courts must not allow the state to reopen its case unless there is mere inadvertence or some other compelling circumstance and no substantial prejudice will result.

5

¶14.   In this case, it appears that the omission of the essential element was due to the trial judge's misunderstanding of the law.  Because this failure was "mere inadvertence," it was not a double-jeopardy violation to allow the state to reopen its case and present evidence of the defendant's prior conviction.  *Id.*; *Wakefield*, 584 So. 2d at 168.

¶15.   Lyle fails to argue his remaining issues or cite any authority supporting his position.  However, because of the fundamental right involved, i.e., double jeopardy, this Court will address the argument that the trial court erred by ordering a recess to afford the state an opportunity to gather evidence of an essential element of the crime.

¶16.   The state attempted to prove Lyle's previous conviction with a copy of an abstract of the prior conviction.  The original abstract was certified by the circuit clerk, but the state presented a copy of the original, which was then certified by the deputy clerk.  Because the trial judge found that the document was not sufficiently authenticated, he allowed the state a short recess to retrieve an admissible document from the municipal court.  Lyle objected, arguing that the recess was allowing the state a "second, or third bite at the apple."  The judge overruled the objection, and the trial resumed the same day.

¶17.   In *King v. State*, 527 So. 2d 641 (Miss. 1988), this Court addressed a similar issue.  King was convicted of rape, and the trial court allowed another hearing to determine his habitual-offender status.  *Id.* at 642.  When the prosecution failed to authenticate documents proving two of King's prior convictions, the trial court granted a continuance for the state to obtain sufficient evidence.  *Id.*  Six days later, the hearing resumed, and King was sentenced as a habitual offender.  *Id.*  at 643.

¶18. King argued on appeal that the continuance was sufficiently like a mistrial, and a second hearing was barred by double jeopardy. *Id.* at 643. This Court rejected the argument, citing two cases from other jurisdictions. *Id.* at 644 (citing *Webb v. Hutto*, 720 F.2d 375 (4th Cir. 1983) and *State v. O'Keefe*, 343 A.2d 509 (N.J. Super. 1975)). In *Webb*, the Fourth Circuit found no error where the trial court granted a continuance of five days to the prosecutor "solely because of his realization that the case could not be made against the petitioner without the testimony of at least one of the co-defendants." *Webb*, 720 F.2d at 377. The Fourth Circuit held that because the continuation of the hearing was not "a completely new beginning," the resumed hearing was not barred by double jeopardy. *Id.* at 379.

¶19. The *King* opinion "lean[ed] toward" the rationale in *Webb*, but also noted that in *O'Keefe*, resuming a trial was not barred unless (1) prosecutorial neglect triggering the continuance was inexcusable and (2) the continuance was an unreasonable break in the continuity of the trial. *King*, 527 So. 2d at 644 (citing *O'Keefe*, 343 A.2d 309).

¶20. Similarly, most authorities recognize that because midtrial continuance or recess does not "end" a proceeding, it does not expose a defendant to double jeopardy. *See People v. Valencia*, 169 P.3d 212 (Colo. App. Ct. 2007) (citations omitted). "This rule applies even when a continuance is granted to allow the prosecution to rectify a problem with its evidence." *Id.* (citing *Webb*, 720 F.2d at 379-81; *Daniels v. State*, 674 S.W.2d 949, 950-51 (Ark. App. 1984); *Drake v. State*, 467 N.E.2d 686, 689-90 (Ind. 1984); *State ex rel. Fallis v. Vestrum*, 527 P.2d 195, 197-98 (Okla. Ct. Crim. App. 1974); *State v. Bradshaw*, 680 P.2d 1036, 1040 (Utah 1984)).

¶21. In light of these cases, Lyle was not "twice placed in jeopardy" when the court granted the brief recess. U.S. Const. amend V. The resumed hearing was simply a continuation of that day's trial and did not expose Lyle to double jeopardy. *King*, 527 So. 2d 641. In addition, the mistake made by the prosecution cannot be characterized as "inexcusable," and the brief recess was not "unreasonable." *See O'Keefe*, 343 A.2d 309.

## CONCLUSION

¶22. For the reasons stated above, this Court finds no reversible error in the trial court disposition. Therefore, Lyle's conviction is affirmed.

¶23. **CONVICTION OF DUI SECOND OFFENSE AND SENTENCE OF ONE(1) YEAR IN THE LEAKE COUNTY JAIL AND PAY A FINE OF $750.00 AND ALL COSTS OF COURT, AFFIRMED. TWO (2) MONTHS OF SENTENCE IS SUSPENDED AND HE IS PLACED ON PROBATION FOR SAID TWO (2) MONTH PERIOD PROVIDED THAT DURING SAID TWO (2) MONTH PERIOD HE SHALL ENROLL IN AN ALCOHOL AND DRUG PROGRAM AT HIS EXPENSE AND A CERTIFICATE OF COMPLETION SHALL BE FURNISHED TO THE COURT UPON FINALIZATION OF THE PROGRAM.**

**SMITH, C.J., WALLER AND DIAZ, P.JJ., EASLEY, CARLSON, RANDOLPH AND LAMAR, JJ., CONCUR. GRAVES, J., CONCURS IN RESULT ONLY.**