BARNES, J.,
for the Court:
¶ 1. David Hawkins was convicted in the Circuit Court of Leflore County of sexual battery and four counts of touching a child for lustful purposes. He was sentenced to five terms of imprisonment, totaling twenty-eight years, all to be served consecutively without the benefit of parole in the custody of the Mississippi Department of Corrections (MDOC). Hawkins appeals, and as we find no reversible error, we affirm his convictions and sentences.
SUMMARY OF FACTS AND PROCEDURAL HISTORY
¶ 2. Tywone Thomas was a liturgical dance coach at the Good Hope Missionary Baptist Church in Greenwood, Mississippi. On March 25, 2007, she informed the Greenwood Police Department that a fourteen-year-old pupil, Jane,[1] had confided to her that Hawkins, Jane’s stepfather, had been sexually abusing her. Thomas noticed that Jane had become withdrawn, complained of pain, and “walked like she was sore between the legs.” Jane’s maternal grandmother took her to the Greenwood Police Department to give a statement. Later, a medical examination revealed that Jane’s hymen was not intact, which the doctor attributed to penetration. Jane was also suffering from vaginitis, an inflammation of the vagina that can be caused by trauma or infection.
¶ 3. Jane testified that in September 2005, after Hurricane Rita struck the Gulf Coast, her family left their home in Texas. Initially, they shared a single room as guests at the home of Hawkins’s brother, located on Leflore Avenue in Greenwood. Jane testified that Hawkins began touching her at this time. Hawkins touched her “below the waist” and inside or on her underwear three or four times while they lived on Leflore Avenue. The family then moved into a home on Linden Avenue, also located in Greenwood. There the abuse became more frequent, with Hawkins touching Jane approximately “every other day.” He touched her breasts and put his fingers inside her vagina. On two occasions, Hawkins attempted to rape Jane, but both times he was unsuccessful. Jane began sleeping on the floor under her bed to avoid Hawkins.
¶ 4. The theory of Hawkins’s defense was that Jane had falsely accused him because she resented his strict discipline. Hawkins also contended that Jane’s grandmother had a financial motive to get custody, as Jane received a monthly social-security benefit because Jane’s father had been killed in action in the Iraq War. Hawkins testified in his own defense, denying he had ever touched Jane. Jane’s mother also gave testimony to support Hawkins, though she did make several damaging admissions. On one occasion, Jane’s mother discovered Jane and Hawkins sitting close together on the couch in a position that “didn’t look right.” Jane was lying or sitting across Hawkins’s lap, though she appeared to be sleeping. Jane’s mother also admitted Hawkins had approached her about putting Jane on birth-control medication.
¶ 5. Hawkins was convicted of four counts of touching a child for lustful purposes and one count of sexual battery and subsequently sentenced. Hawkins appeals *119 from that judgment. Finding no error, we affirm.
ANALYSIS
I. Venue; Reopening the State’s Case
¶ 6. In his first issue, Hawkins contends the State offered insufficient evidence of venue. Venue is an indispensable element of any criminal prosecution. Smith v. State, 646 So.2d 588, 541 (Miss. 1994). None of the State’s witnesses specifically stated that Hawkins’s crimes occurred in Leflore County, Mississippi, where the trial was held. At the close of the State’s case, Hawkins pointed this out in his motion for a directed verdict. The trial court, acting pursuant to Lyle v. State, 987 So.2d 948 (Miss.2008), found the State’s omission—assuming for the sake of argument that there was one—resulted from a “mere inadvertence” and permitted the State to reopen its testimony. A recalled witness then specifically identified Leflore County, Mississippi, as the scene of the crimes.
¶ 7. On appeal, Hawkins concedes that in the State’s initial case, several witnesses testified that his crimes occurred in “Greenwood, Mississippi,” but none specifically identified it as the Greenwood in Leflore County. Hawkins points out that there is at least one other place in Mississippi called “Greenwood,” an unincorporated, rural community in Itawamba County. Hawkins contends that the State failed to exclude the possibility that the crimes occurred in Itawamba County, but he completely ignores the propriety of the trial court’s decision to allow the State to reopen its evidence.
¶ 8. The trial court correctly cited Lyle, as the controlling authority. In Lyle, the Mississippi Supreme Court announced an “easy to apply standard” for criminal cases, stating: “[T]he trial court must be vested with discretion to permit reopening when mere inadvertence or some other compelling circumstance justifies a reopening and no substantial prejudice will occur.” Id. at 951 (¶ 12) (quoting State v. Allen, 205 Conn. 370, 533 A.2d 559, 564 (1987)). This is necessary to protect against potentially placing the defendant in double jeopardy. Id. at 950 (¶ 9).
¶ 9. Lyle is not directly on point, factually. In that case, the State was acting according to the trial judge’s instructions when it failed to offer certain evidence in its case-in-chief. The supreme court found that omission was a “mere inadvertence.” Id. at (¶ 7). Lyle admittedly presented a stronger case for reopening the evidence than the case before us today, and we are not aware of any other Mississippi appellate decisions applying Lyle’s holding. However, as the supreme court noted, the standard it adopted has been used by courts in other jurisdictions for some time. United States v. Hinderman, 625 F.2d 994 (1980), a decision of the United States Court of Appeals for the Tenth Circuit, applied the same test to facts more in line with our case. In Hinderman, the prosecution had simply neglected to provide sufficient evidence of venue. But because the error was clearly inadvertent and the defense suffered no prejudice as it had not yet presented its case, the district court’s decision to reopen the evidence was affirmed. Id. at 996. The Second Circuit, also applying the same standard our supreme court later adopted in Lyle, has elaborated on its application as follows: “Generally, a [trial] court will allow reopening to establish venue, identify the defendant, or attend to other technical matters.” United States v. Leslie, 103 F.3d 1093, 1104 (2d. Cir.1997).
¶ 10. In the present case, the State actually presented significant evi *120 dence of venue before reopening its case. Witnesses repeatedly stated that the crimes had occurred in “Greenwood, Mississippi.” Our supreme court has held that a court may take judicial notice that a city is in a particular county. Bearden v. State, 662 So.2d 620, 625 (Miss.1995). Additionally, in the “Greenwood” in which the crimes occurred, two streets (including Le-flore Avenue), two churches, a school, and the Greenwood Police Department were mentioned by name during the trial. A court can take judicial notice that a landmark such a street, school, or other institution is in a particular city, if this fact is common knowledge in the area where the trial is held. M.R.E. 201(b); see also Thomas v. State, 784 So.2d 247, 250 (¶ 10) (Miss.Ct.App.2000). Witnesses also repeatedly stated that events associated with the crimes and subsequent investigations occurred “here in Greenwood.” The scene of the crimes was not contested at trial, nor was it ever even suggested that the crimes had occurred anywhere other than Leflore County. Considering all of this evidence, the jury could have concluded beyond a reasonable doubt that the crimes occurred in Leflore County, as venue may be proven by circumstantial evidence. Smith v. State, 646 So.2d 538, 541 (Miss. 1994).
¶ 11. The State’s failure to mention explicitly Leflore County as the scene of the crimes was clearly inadvertent and did not result in insufficient proof of venue. Moreover, Hawkins has cited no prejudice and does not appear to have suffered any. Accordingly, we find no abuse of the trial court’s discretion in reopening the evidence. After reviewing the record, we also conclude the State offered sufficient evidence of venue in Leflore County even without the additional testimony. This issue is without merit.
II. Exclusion of Jane’s Letter
¶ 12. At the beginning of his casein-chief, Hawkins offered into evidence a letter Jane had written to her parents. He contended the letter was an admission that she had fabricated the allegations against him. However, the letter was undated and did not mention the allegations of sexual abuse. Instead, in it Jane apologized in general terms for “lies” that “got bigger and bigger.” As part of his proffer of evidence, Hawkins questioned Jane about the letter. Jane denied the letter had anything to do with the allegations against Hawkins. She testified she wrote the letter to apologize to her mother and stepfather for not coming home immediately after school and lying to them about visiting friends they had forbidden her to see. Hawkins did not offer any other evidence as foundation for the admitting the letter.
¶ 13. The trial court excluded the letter for two separate reasons. First, the trial court found it irrelevant because Hawkins had not produced any evidence the letter related to the sexual abuse allegations. Second, the trial court held that the letter would be excluded because it had not been timely produced in discovery. As we find the letter irrelevant, we will not address this alternative basis for the court’s decision.
¶ 14. A trial court’s decision to admit or exclude evidence is reviewed for an abuse of discretion. Catchings v. State, 39 So.3d 943, 950 (¶ 29) (Miss.Ct.App.2009). Even if the trial court’s ruling was erroneous, an appellate court can only reverse if the ruling resulted in prejudice and harm or adversely affected a substantial right of a party. Id. at 951 (¶ 34).
¶ 15. We find no abuse of discretion in the trial court’s exclusion of the letter as irrelevant. Under Mississippi Rule of Evidence 402, evidence that is irrelevant is not *121 admissible. Other than the assertions of his attorney, which are not evidence, Hawkins offered nothing to support his contention that the letter was a recantation of the sexual-abuse allegations.
¶ 16. On appeal, Hawkins presents a different argument than he did before the trial court. He now contends that he should have been allowed to cross-examine Jane regarding the letter. Of course, the trial court has the inherent power to limit cross-examination to relevant matters. Foley v. State, 914 So.2d 677, 691 (¶ 30) (Miss.2005). Hawkins now contends, however, that the letter was evidence of Jane’s general propensity not to tell the truth. He argues that he should have been allowed to cross-examine her regarding the letter for that purpose.
¶ 17. It is true that Mississippi Rule of Evidence 608(b) provides the trial court discretion to allow a party to cross-examine a witness on specific instances of her past conduct, for the purpose of attacking her general disposition for truthfulness. However, the flaw in Hawkins’s argument is obvious: the letter is extrinsic evidence of Jane’s conduct and extrinsic evidence may not be used to attack a witness’s character for truthfulness. See M.R.E. 608(b). Moreover, Hawkins did not seek to cross-examine Jane regarding the conduct that was actually discussed in the letter — the disobedience and lying to her parents about her whereabouts. Hawkins proposed instead to insinuate, without any foundation, that through the letter Jane had recanted the allegations of sexual abuse. Couched as a cross-examination issue, Hawkins’s contentions regarding the letter are still without merit.
¶ 18. We find no error in the trial court’s exclusion of Jane’s letter from evidence.
III. The State’s “Classic Case” Argument
¶ 19. In his final issue, Hawkins argues the State improperly remarked in its opening and closing statements that his was a “classic case” of child molestation. Hawkins contends this remark prejudiced the jury by urging it to view his case as one of many, suggesting a preordained outcome and equating a not guilty verdict with a vote against every past and future child-abuse ease.
¶ 20. In reviewing whether an argument at trial constitutes reversible error, the supreme court has outlined two threshold inquiries. Brown v. State, 986 So.2d 270, 275-76 (¶ 13) (Miss.2008). We first ask whether the comments were invited and then whether the defense objected. Id. Here, the comments were not invited by the defense, but Hawkins offered no contemporaneous objection to any of the statements. Failure to object waives the issue on appeal, since “the trial judge is in the best position to determine if an alleged objectionable remark has a prejudicial effect.” Spicer v. State, 921 So.2d 292, 309 (¶¶ 31-32) (Miss.2006).
¶ 21. When a defendant fails to object at trial, on appeal the issue is barred unless “the argument is so inflammatory that the trial judge should have objected on his own motion.” Id. at 317 (¶ 52) (citation and internal quotation omitted). We do not find that exception to the procedural bar applicable in this case. Though a prosecutor is limited “to the facts introduced in evidence, deductions!,] and conclusions he may reasonably draw therefrom, and the application of the law to the facts,” counsel is entitled to wide latitude in arguing his case. Ivy v. State, 589 So.2d 1263, 1266 (Miss.1991). In each of the three instances where the prosecutor referred to Hawkins’s crimes as a “classic case,” he was urging the jury to *122 draw conclusions based on the evidence. During his opening statement, the prosecutor highlighted the facts that the child was vulnerable after the loss of her father and that the abuse had escalated over time in an effort to show that Jane’s actions were consistent with those of a child-abuse victim. Likewise, in his closing argument, the prosecutor stated that Hawkins’s attempted rape of Jane was a “classic case” in the sense that it was sufficient to support a sexual-battery conviction. Hawkins has not presented any authority holding similar arguments to be reversible error, nor are we aware of any.
¶ 22. This issue is proeedurally barred on appeal because Hawkins failed to object contemporaneously to the prosecutor’s comments. Notwithstanding the procedural bar, we find the arguments harmless and incapable of creating jury bias or prejudice. This issue is without merit.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY OF CONVICTION OF COUNTS I-IV, TOUCHING A CHILD FOR LUSTFUL PURPOSES, AND SENTENCE OF TWO YEARS ON EACH COUNT, AND COUNT V, SEXUAL BATTERY, AND SENTENCE OF TWENTY YEARS, WITH THE SENTENCES TO RUN CONSECUTIVELY, ALL IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT BENEFIT OF PAROLE, IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LEFLORE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR.

. To protect the identity of victims of sexual abuse, we substitute fictitious names for the victim and the victim's relatives through which the victim could be identified.