BARNES, J.,
for the Court:
¶ 1. Gregory McClenty appeals the dismissal of his “Motion for Post-Conviction Collateral Relief’ (PCR) by the Rankin County Circuit Court. The circuit court dismissed the motion without a hearing pursuant to Mississippi Code Annotated section 99-39-11(2) (Supp.2011), finding that McClenty was “not entitled to any relief.”
¶ 2. On appeal, McClenty raises claims of ineffective assistance of counsel, or “the pattern of misconduct by the attorney appointed to represent” him, and denial of fundamental state and federal rights. Finding no error, we affirm the judgment of the circuit court dismissing the PCR motion.
FACTS AND PROCEDURAL HISTORY
¶ 3. McClenty was indicted on October 16, 2Q06, by a Rankin County grand jury for sale of a controlled substance. His trial was originally scheduled for June 3, 2008. A motion for a continuance was filed by his court-appointed attorney on June 2, 2008. McClenty told the circuit court he had not had enough time to discuss his case with his attorney. Prior to this time, McClenty had been represented by three other attorneys. The circuit court recessed to allow McClenty and his attorney additional time to discuss the State’s plea offer.
¶ 4. The next morning, June 3, 2008, McClenty appeared before the circuit judge and expressed his desire to discharge his attorney. The circuit court advised McClenty that his trial would begin the next day and stated that if he was unable to find another attorney, he would have to proceed pro se. McClenty responded that he understood. When the circuit court asked McClenty if he wanted his current counsel to remain in the courtroom to assist him, McClenty declined the offer. The following day, McClenty informed the circuit court that he had been unable to find private counsel on a day’s notice, and the court granted him a continuance.
¶ 5. One week later, on June 12, 2008, McClenty appeared before the circuit court pro se and entered a guilty plea. The circuit court conducted an extensive examination both as to McClenty’s desire to proceed pro se and his guilty plea. The circuit court informed McClenty of the maximum and minimum sentences, as well as the rights which he would waive as a result of a guilty plea. The circuit court also made sure that there was a factual basis for the guilty plea and accepted the State’s recommendation that McClenty be sentenced to thirty years, with fifteen years to serve and five years of post-release supervision.
¶ 6. McClenty filed a motion for post-conviction relief, claiming ineffective assistance of counsel and the violation of his due-process rights. The motion was dismissed by the circuit court, and McClenty now appeals.
*1240 STANDARD OF REVIEW
¶ 7. “A circuit court may summarily dismiss a PCR motion ‘if it plainly appears from the face of the motion, any annexed exhibits!,] and the prior proceedings in the case that the movant is not entitled to any relief.’ ” Ivory v. State, 999 So.2d 420, 424 (¶ 9) (Miss.Ct.App.2008) (quoting Miss. Code Ann. § 99-39-11(2) (Rev.2007)). If after reviewing the motion, “we conclude that the petitioner has failed to demonstrate a claim procedurally alive substantially showing denial of a state or federal right,” we will affirm the circuit court’s dismissal. Id. (quoting Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999)) (internal quotations omitted). Issues of law are reviewed de novo. Duncan v. State, 28 So.3d 665, 666 (¶ 4) (Miss.Ct.App.2009) (citing Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999)).
DISCUSSION
¶ 8. As determined by the circuit court, McClenty has presented no valid claims for post-conviction relief. McClenty’s claims concern complaints about the various attorneys who were appointed to represent him prior to his pro se appearance and entry of a guilty plea. The last attorney was dismissed by McClenty a week before he entered his guilty plea. At the plea hearing, the circuit court made a finding that McClenty’s decision to proceed without counsel was knowingly and voluntarily made. McClenty does not claim that he was coerced into his guilty plea. McClenty also refused to allow court-appointed counsel to assist as standby counsel. The circuit court advised McClenty of his right to appointed counsel and that it would be difficult for a layman to comply with all the rules.
¶ 9. Criminal defendants have a constitutional right to represent themselves. Brooks v. State, 835 So.2d 958, 960 (¶ 10) (Miss.Ct.App.2003) (citing Faretta v. California, 422 U.S. 806, 819, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975)). In Brooks, this Court stated:
[T]he Mississippi Supreme Court has fashioned a procedure to both fully acquaint the defendant with the relevant considerations that ought to influence his decision and to satisfy the court that the defendant has “knowingly and voluntarily” elected to represent himself. URCCC 8.05. Once the court is satisfied that such a decision has been made, the authority of the court to deny the defendant’s wish no longer exists. Taylor v. State, 812 So.2d 1056[, 1060] (¶¶ 17-18) (Miss.Ct.App.2001).

Id.

¶ 10. To show ineffective assistance of counsel, McClenty must meet Strickland’s two-part test: (1) the attorney’s performance was deficient, and (2) the deficiency was prejudicial to the defense. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To qualify as deficient, an attorney’s performance must fail to meet “an objective standard of reasonableness.” Id. at 688, 104 S.Ct. 2052. There is a “strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance!.]” Id. at 689, 104 S.Ct. 2052. For prejudice to exist, there must be a “reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.” Id. at 694, 104 S.Ct. 2052. “In the context of guilty pleas, this means the defendant must show that, were it not for counsel’s errors, he would not have pleaded guilty and would have insisted on going to trial.” Burrough v. State, 9 So.3d 368, 375 (¶ 22) (Miss.2009) (citation omitted).
¶ 11. However, a defendant who represents himself cannot claim ineffective *1241 assistance of counsel. See Jackson v. State, 943 So.2d 720, 729 (¶ 29) (Miss.Ct.App.2006) (If “a defendant declines appointed counsel and proceeds to represent himself,” even if the appointed counsel is “standing by to provide assistance if called upon,” we will not hear that defendant’s complaint “on appeal of ineffective assistance of counsel.”) (Quoting Scarbough v. State, 893 So.2d 265, 273 (¶ 27) (Miss.Ct.App.2004)). McClenty cannot argue that any of his attorneys coerced him into the plea since at the time of each representation by counsel, he was pleading innocence or “not guilty.” The last appointed attorney was dismissed by McClenty a week prior to his guilty plea. Thus, McClenty cannot show that his attorney was deficient or there was “misconduct” since he did not have an attorney at the time he pled guilty and was sentenced. McClenty is the only one to blame for any errors.
¶ 12. In his motion for post-conviction relief, McClenty also alleged that he was denied the right to confront witnesses, challenge the credibility of the witnesses, and the admissibility of evidence associated with the witness. He also claimed a violation of his constitutional rights. In his appellant’s brief, McClenty states that he was deprived of “fundamental [s]tate and [f]ederal [c]onstitutional rights.”
¶ 13. The circuit court found that McClenty entered a knowing, voluntary, and intelligent guilty plea. The circuit judge also thoroughly discussed the constitutional rights that McClenty would waive as a result of the guilty plea. Prior to accepting McClenty’s guilty plea, the circuit court told McClenty that he was giving up the right to “see, hear and face in open court all witnesses called to testify against [him] and the right to cross-examine those witnesses[.]”
¶ 14. Accordingly, as we have found no factual basis for McClenty’s claims, we affirm the dismissal of his motion for post-conviction relief.
¶ 15. THE JUDGMENT OF THE RANKIN COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO RANKIN COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. RUSSELL, J., NOT PARTICIPATING.