# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-01088-COA

IN THE MATTER OF THE REMOVAL OF                                    APPELLANT
AZALEAN ROGERS A/K/A AZALEAN JONES
FROM THE BOARD OF ALDERMEN OF THE
CITY OF BOYLE, MISSISSIPPI: AZALEAN
ROGERS

v.

STATE OF MISSISSIPPI, OFFICE OF THE                               APPELLEE
ATTORNEY GENERAL, HON. JIM HOOD

| | |
|---|---|
| DATE OF JUDGMENT: | 05/31/2013 |
| TRIAL JUDGE: | HON. CHARLES E. WEBSTER |
| COURT FROM WHICH APPEALED: | BOLIVAR COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | AZALEAN ROGERS (PRO SE) |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: ALISON ELIZABETH O'NEAL HAROLD EDWARD PIZZETTA III |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | ROGERS ADJUDICATED A CONVICTED FELON AND PROHIBITED FROM RUNNING FOR OFFICE |
| DISPOSITION: | AFFIRMED: 11/18/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## CONSOLIDATED WITH

## NO. 2013-CP-01184-COA

AZALEAN ROGERS A/K/A AZALEAN JONES                               APPELLANT

v.

STATE OF MISSISSIPPI                                              APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 06/06/2013 |
| TRIAL JUDGE: | HON. JOHNNIE E. WALLS JR. |

COURT FROM WHICH APPEALED:    BOLIVAR COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:       AZALEAN ROGERS (PRO SE)
ATTORNEYS FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                              BY: ALISON ELIZABETH O'NEAL
                                   HAROLD EDWARD PIZZETTA III
NATURE OF THE CASE:           CIVIL - OTHER
TRIAL COURT DISPOSITION:      DENIED MOTION FOR EXPUNGEMENT
DISPOSITION:                  AFFIRMED: 11/18/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., FAIR AND JAMES, JJ.**

**FAIR, J., FOR THE COURT:**

¶1.     The Attorney General filed a petition to remove Azalean Rogers from the Board of

Aldermen of the City of Boyle, Mississippi, alleging that she had pled guilty to two felony

counts of forgery in 1979. The trial court adjudicated Rogers to be a convicted felon, but it

denied the petition to remove her from office and instead entered an order finding that Rogers

was not a qualified elector and could not have her name placed on the ballot in future

elections.[1] Rogers appeals, pro se, from that judgment. She also appeals the denial of her

own motion to expunge the convictions, which was a separate cause heard by a different

judge in the same circuit. We affirm both judgments because Rogers has not shown

reversible error in either case.

**DISCUSSION**

¶2.     Mississippi Code Annotated section 25-5-1 (Rev. 2010) states:

---

[1] The State argues that the refusal to remove Rogers from office was erroneous. It requests that this Court reverse that aspect of the judgment on appeal, but that issue is not before us because only Rogers has appealed; no cross-appeal was filed by the State. Morever, the issue is moot because Rogers is no longer in office.

2

If any public officer, state, district, county or municipal, shall be convicted or enter a plea of guilty or nolo contendere in any court of this state or any other state or in any federal court of any felony other than manslaughter or any violation of the United States Internal Revenue Code, of corruption in office or peculation therein, or of gambling or dealing in futures with money coming to his hands by virtue of his office, any court of this state, in addition to such other punishment as may be prescribed, shall adjudge the defendant removed from office; and the office of the defendant shall thereby become vacant. If any such officer be found by inquest to be of unsound mind during the term for which he was elected or appointed, or shall be removed from office by the judgment of a court of competent jurisdiction or otherwise lawfully, his office shall thereby be vacated; and in any such case the vacancy shall be filled as provided by law.

When any such officer is found guilty of a crime which is a felony under the laws of this state or which is punishable by imprisonment for one (1) year or more, other than manslaughter or any violation of the United States Internal Revenue Code, in a federal court or a court of competent jurisdiction of any other state, the Attorney General of the State of Mississippi shall promptly enter a motion for removal from office in the circuit court of Hinds County in the case of a state officer, and in the circuit court of the county of residence in the case of a district, county or municipal officer. The court, or the judge in vacation, shall, upon notice and a proper hearing, issue an order removing such person from office and the vacancy shall be filled as provided by law.

Similarly, Article 12, Section 241 of the Mississippi Constitution states:

Every inhabitant of this state, except idiots and insane persons, who is a citizen of the United States of America, eighteen (18) years old and upward, who has been a resident of this state for one (1) year, and for one (1) year in the county in which he offers to vote, and for six (6) months in the election precinct or in the incorporated city or town in which he offers to vote, and who is duly registered as provided in this article, and *who has never been convicted of* murder, rape, bribery, theft, arson, obtaining money or goods under false pretense, perjury, *forgery*, embezzlement or bigamy, is declared to be a qualified elector, except that he shall be qualified to vote for President and Vice President of the United States if he meets the requirements established by Congress therefor and is otherwise a qualified elector.

In order to have one's name placed on the ballot, she must be a qualified elector, and she cannot be a convicted felon. *See* Miss. Code Ann. § 23-15-299(7) (Supp. 2014).

3

¶3. There was a factual dispute about whether Rogers is a convicted felon because the files and minute book pages from both of her convictions are missing. The Bolivar County Circuit Clerk cannot explain why.

¶4. Only the docket sheets remain. In relevant part the docket sheet for cause number 5581 states that on November 14, 1979, Azalean Jones (Rogers's maiden name) was indicted for forgery. It shows that six days later, she was arraigned and appointed an attorney. On December 18 of the same year, a docket entry states (reproduced as it appears in the handwritten original):

> Judgment & sentence filed on plea of guilty sentenced to serve three (3) years in an institution under the supervision & control of MS Dept of Corrections. Sentence suspended for three (3) years & placed on probation, pay all court costs, make full restitution to victim, pay $10 per month supervision fee to MS Dept of Corrections, report to Probation Officer immediately upon release from custody.

The docket notes that a transcript was filed on Jan 7, 1980. The final entries are for December 22, 1981, when a petition for termination of probation and a discharge order were entered. The docket sheet for cause number 5581 is substantially the same.[2]

¶5. Rogers does not deny that she pled guilty to two counts of forgery. According to her, the charges stemmed from a family dispute that occurred when she was eighteen years of age. The victim, her half-brother, no longer wished to pursue the charges after the dispute was settled. Rogers claims there was an agreement or understanding, brokered by a prominent

---

[2] Its recitation of the judgment adds that the sentence in number 5582 shall be served concurrently to the one in number 5581. Also, the docket sheet for number 5582 does not indicate that a transcript was filed, and it has what appears to be a scrivener's error – ditto marks for the year of Rogers's discharge, indicating 1979. Rogers, the probation officer, and the other docket sheet all stated it was in 1981.

local politician and attorney, that the charges would be "dismissed" if she completed three years of probation. Rogers admits she pled guilty but denies she ever even appeared in court; she claims to have manifested her agreement only by signing some papers. Rogers's probation officer testified in support of her claim that her charges had been ordered "nonadjudicated," "dismissed," or "expunged" in 1981.[3]

¶6.     But as the State points out, the statutory schemes for nonadjudication and expungement did not exist in 1979 or 1981. *See* Miss. Code Ann. § 99-15-26 (Supp. 2014) (enacted 1983); Miss. Code Ann. § 99-19-71 (Supp. 2014) (enacted 1986). The docket sheets indicate that Rogers pled guilty and that a judgment was entered, which is inconsistent with nonadjudication, and they do not indicate that any orders of dismissal or expungement were entered. After the judgment and sentence, the only relevant docket entries are "Petition for termination of probation" and "Discharge order filed." In the petition to remove her from office, the trial court found Rogers's testimony and the probation officer's affidavit, as well as his testimony, to be "rank hearsay." He concluded that Rogers's convictions had never been dismissed or expunged. The court in the expungement action reached a similar result and found that there had been no dismissals, nonadjudications, or expungements. That court also concluded that Rogers was not currently eligible for expungement because it is limited to certain felony offenses. Forgery (when committed by one over the age of seventeen) is not one of them. *See* Miss. Code Ann. § 99-19-71(2)(a)-(b). Rogers was also not eligible

---

[3] The probation officer testified in person at the hearing on Rogers's motion to expunge her convictions. His affidavit was considered by the trial court in the removal action.

for expungement under the nonadjudication statute because retroactivity is limited to those who had pled guilty within six months of its effective date in 1983. *See* Miss. Code Ann. § 99-15-57.

¶7.     Rogers's two cases have been consolidated on appeal. Rogers appears pro se and her arguments are somewhat difficult to discern. We are mindful that pro se litigatants should not have meritorious arguments rejected because of inartful drafting, but they must still "be held to the same rules of procedure and substantive law as represented parties." *Dethlefs v. Beau Maison Dev. Corp.*, 511 So. 2d 112, 118 (Miss. 1987).

### 1. Proof of Convictions / Mittimus

¶8.     Rogers's first issues focus on the proof of her prior convictions. At various times during the litigation in these two cases, Rogers had admitted she had been convicted of the two forgery counts (with the caveat that the convictions had been somehow "dismissed" or expunged). But during the proceedings in the removal action, it was conceded by the Attorney General that there was no mittimus[4] in Rogers's "pen pack" maintained by the Mississippi Department of Corrections.[5] Rogers argues on appeal that her admission that she was convicted could not be accepted as proof of her convictions without corroboration from the mittimus, though we understand her argument to refer to documentary corroboration in general. As we noted above, the files and minute book entries from Rogers's original

---

[4] A mittimus is "a court order or warrant directing a jailer to detain a person until ordered otherwise" or "a certified transcript of a prisoner's conviction or sentencing proceedings." Black's Law Dictionary 1093 (9th ed. 2009).

[5] It was suggested that the MDOC records may have been destroyed because of their age.

criminal cases are missing and no copies of her judgments of conviction could be found.

¶9.    Rogers bases her argument on the rule that assertions of counsel are not evidence. *See, e.g., Hawkins v. State*, 90 So. 3d 116, 121 (¶15) (Miss. Ct. App. 2012).  Her statement of the rule is correct, but it is usually cited regarding assertions of *opposing* counsel.  There are many ways for one's attorney, or one acting as her own attorney, to concede facts at various stages in litigation.  Moreover, Rogers made the same admissions in her testimony at the hearing in the removal action, in her capacity as a witness, and in that instance they were not statements of counsel at all.

¶10.    We are aware of no authority holding that admissions of a party in her testimony must be corroborated by documentary evidence.  Certainly, certified copies of judgments are the best evidence of a prior conviction, but when those are unavailable, convictions may be proven by other evidence.  *See, e.g., Smith v. State*, 729 So. 2d 1191, 1222 (¶153) (Miss. 1998) ("The best evidence of a previous conviction is the judg[]ment of conviction.  However, substitutes for the judgment of conviction have been allowed.") (citations omitted).  In fact, it is common for a defendant to stipulate to his prior convictions in some criminal prosecutions, where the State bears a higher burden and the defendant is afforded more safeguards than in civil actions like those before us today.  *See, e.g., Old Chief v. United States*, 519 U.S. 172, 175-78 (1997).

¶11.    After reviewing the record, we conclude that it supports the trial court findings that Rogers is a convicted felon.

### 2.  Sufficiency of the Guilty Plea

¶12.    Rogers next contends that her guilty plea was unlawful because she allegedly did not

personally appear before a court when she pled guilty in 1979. However, this claim was not raised by Rogers in either case before the circuit court, and so it is procedurally barred on appeal. *Tate v. State*, 912 So. 2d 919, 928 (¶27) (Miss. 2005). Moreover, it appears that relief could be awarded, if at all, only under the Mississippi Post-Conviction Collateral Relief Act. *See* Miss. Code Ann. § 99-39-3 (Rev. 2007). This issue is procedurally barred.

### 3. Ineffective Assistance of Counsel

¶13. In her remaining issue, Rogers contends she received constitutionally ineffective assistance of counsel because her attorney allegedly failed to uncover her right to post-conviction relief based on her arguments regarding the sufficiency of her 1979 guilty pleas. Rogers faults her attorney for, instead, seeking expungement.

¶14. There are numerous problems with this claim,[6] but the most obvious defect is that Rogers filed the expungement action herself, pro se. The attorney appeared and filed an amended motion, but after the first hearing, Rogers fired her and again represented herself. A party "who represents [her]self cannot claim ineffective assistance of counsel." *McClenty v. State*, 102 So. 3d 1238, 1240-41 (¶11) (Miss. Ct. App. 2012). Moreover, Rogers could have presented the claim of ineffective assistance of counsel to the trial court, and her failure to do so procedurally bars the issue on appeal. *See Tate*, 912 So. 2d at 928 (¶27).

¶15. **THE JUDGMENTS OF THE CIRCUIT COURT OF BOLIVAR COUNTY ARE AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE**

---

[6] Rogers has also not met the threshold showing that she had a right to effective assistance of counsel in the first place. The Sixth Amendment to the United States Constitution secures the right to assistance of counsel "[i]n all criminal prosecutions." It generally does not apply to civil cases, though there are a few exceptions. *See, e.g., MacCuish v. United States*, 844 F.2d 733, 735 (10th Cir. 1988).

**APPELLANT.**

     **LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. BARNES, J., NOT PARTICIPATING.**